IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-712 T
(Judge Thomas C. Wheeler)

───────────────────────────────────────────

**CHARLES W. BASSING, III**

                                                    **Plaintiff,**

v.

**THE UNITED STATES**

                                                    **Defendant.**

───────────────────────────────────────────

**ANSWER**

───────────────────────────────────────────

Defendant, the United States, through its attorneys hereby answers the complaint of plaintiff, Charles W. Bassing III. Defendant respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

1. Admits that plaintiff's social security number is ▮▮▮▮▮▮▮. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the complaint.

2. Admits the allegations in paragraph 2 of the complaint.

3. Admits the allegations in paragraph 3 of the complaint, to the extent jurisdiction exists.

4. Admits the allegations in paragraph 4 of the complaint.

2131636.1

5. Admits that plaintiff's 1991 tax return reported an income tax liability of $68,696 and admits that plaintiff did not pay such liability either in advance of the filing of his 1991 return, or at the time of such filing. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the complaint.

6. Admits the allegations in paragraph 6 of the complaint.

7. Admits the allegations in paragraph 7 of the complaint.

8. Admits the allegations in paragraph 8 of the complaint.

9. Admits the allegations in paragraph 9 of the complaint.

10. Avers that the Internal Revenue Service has made a final determination that plaintiff's claim for refund should be disallowed, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

**COUNT 1: Discharge of Plaintiff's Deficit Restoration Obligation**

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19. Admits that a settlement agreement was executed, but lacks knowledge as to the truth of the plaintiff's characterization of the agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the complaint.

20. Admits that a settlement agreement was executed, but lacks knowledge as to the truth of the plaintiff's characterization of the agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the complaint.

21. Admits that a Release and Indemnification Agreement was executed, but lacks knowledge as to the truth of the plaintiff's characterization of the agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the complaint.

22. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint.

23. Admits that a Release and Indemnification Agreement was executed, but lacks knowledge as to the truth of the plaintiff's characterization of the agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in paragraph 23 of the complaint.

24. Denies the allegations in paragraph 24 of the complaint, and avers that plaintiff's tax return preparer properly reported discharge of the plaintiff's deficit restoration obligation as long term capital gain from the deemed sale or exchange of plaintiff's general and limited partnership interests.

25. Denies the allegations of paragraph 25 of the complaint, and avers that plaintiff was not insolvent as of January 31, 1991, because plaintiff included the deficit restoration obligation to the 1110 Bonifant partnership in measuring his assets and liabilities for assessing his solvency.

26. Denies the allegations in paragraph 26 of the complaint.

27. Denies the allegations in paragraph 27 of the complaint.

### COUNT 2: Addition to Tax For Failure to Pay

28. Restates and incorporates by reference paragraphs 1 through 27 above.

29. Denies the allegations in paragraph 29 of the complaint, and avers that plaintiff is liable for the addition to income tax for failure to pay set forth in 26 U.S.C. § 6651(a)(2).

30. Denies the allegations in paragraph 30 of the complaint, and avers that plaintiff is liable for failure to pay penalties.

31. Denies the allegations in paragraph 31 of the complaint.

### ADDITIONAL DEFENSES

32. The determination of whether or not a partner receives a share of a cancellation of debt income tax is made at the partnership level. See 26 U.S.C. §§ 6221, 6231(a)(3). Section 7422(h) precludes actions brought for a refund attributable to partnership items. Accordingly,

plaintiff's action is barred by 26 U.S.C. § 7422(h).

WHEREFORE, Defendant prays that the complaint of plaintiff be dismissed with prejudice, with defendant's costs to be taxed against the plaintiff and with such other relief as the Court deems appropriate and just.

Respectfully submitted,

 s/ Jeffrey R. Malo
JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C.  20044*
*Voice:  (202) 305-7539*
*Fax:    (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

EILEEN J. O'CONNOR
  *Assistant Attorney General*
DAVID D. GUSTAFSON
  *Acting Chief, Court of Federal Claims Section*
G. ROBSON STEWART
 *Reviewer, Court of Federal Claims  Section*

January 12, 2007      s/ G. Robson Stewart

Of Counsel