**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-712 T**
**(Judge Thomas C. Wheeler)**

---

**CHARLES W. BASSING, III**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

# JOINT PRELIMINARY STATUS REPORT

---

Pursuant to RCFC Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report.

A. Jurisdiction. The parties disagree about whether this Court has jurisdiction over this refund suit. Plaintiff believes this to be a refund suit over which this Court exercises jurisdiction under 28 U.S.C. § 1491. Defendant believes that plaintiff is barred from filing suit by 26 U.S.C. §§ 7422(h), 6511(g) and 6227(a).

B. Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

C. Bifurcation of trial. In the event of a trial in this case, the parties believe that the trial should not be bifurcated, and that evidence concerning both liability and damages should be presented at one trial. The parties also believe, however, that the matter of the amount of any "damages" to which plaintiffs may be found to be entitled (*i.e.*, the computation of any

overpayment) should be resolved after the “liability” issues (see section (h), *infra*) have been decided, and that the parties’ pretrial submissions (and initial post-trial submissions, if any) should therefore not address computational matters. The parties will exchange information related to damages in discovery and work to determine whether the quantum of any damages to which plaintiffs would be entitled can be determined by stipulation. However, after the Court has resolved the liability issues, and if the parties are unable to agree on the computation, then the parties will propose procedures whereby the Court can resolve computational issues on the basis of the evidence previously submitted at trial.

D. <u>Deferral.</u> The parties know of no reason for deferral of proceedings at this time.

E. <u>Remand or suspension.</u> The parties do not believe that remand or suspension is appropriate at this time.

F. <u>Additional parties.</u> The parties are unaware of any additional parties to be joined.

G. <u>Dispositive motions.</u> Further factual development of the case may lead to the defendant filing a motion to dismiss the complaint under RCFC 12. The parties lack sufficient information to determine if they will file any other dispositive motions. Once discovery is completed, the parties will be in a better position to determine whether this case can be disposed of by means of summary judgment.

H. <u>Issues.</u> The statement of issues is bifurcated into plaintiff’s and defendant’s statement of the issues.

<u>Plaintiff’s Statement of Issues:</u> Assuming resolution of jurisdictional issues (which requires resolution of the issues described in paragraphs 4 and 5 below), the principal substantive issue in this tax refund case is whether the plaintiff properly characterized income in the 1991 tax year as capital gains from the deemed sale of a partnership interest, or whether, as plaintiff now

claims, such income should have properly been characterized as cancellation of indebtedness income. More specifically, the issues involved in this case are:

1. Whether the plaintiff, Charles W. Bassing, III, realized cancellation of indebtedness income from the discharge of his obligation to restore the negative balance in his capital account in the Bonifant Limited Partnership (the “partnership”) as of the date that the partnership conveyed its real property in satisfaction of a debt secured by the property owed to a bank.

2. Assuming the plaintiff realized debt cancellation income, whether the plaintiff obtained a consequent increase in the basis of his general and limited partnership interests sufficient to eliminate gain otherwise reportable as gain from the deemed sale or exchange of his partnership interests under the partnership liability and distribution rules of 26 U.S.C. §§ 752(b) and 731(a).

3. Assuming the plaintiff realized debt cancellation income, whether such income is fully includable in the plaintiff's gross income under 26 U.S.C. § 61(a)(12) or is partially excludable from his gross income by reason of the “insolvency” exception of 26 U.S.C. § 108(a)(1)(B) and (a)(3).

4. Whether either (a) the characterization of the discharge of the plaintiff's obligation to restore his negative capital account as debt cancellation income or (b) any consequent increase in the plaintiff's basis in his partnership interests is a partnership item determined at the partnership level or a nonpartnership or affected item determined at the partner level.

5. If it is determined that either of the amounts described in paragraph 4 is a partnership item, or that both are partnership items, whether plaintiff is barred

from seeking adjustment such item or items by 26 U.S.C. §§ 7422(h), 6511(g) and 6227(a).

6. Assuming the plaintiff is liable for income tax for 1991, whether the plaintiff had reasonable cause for his delay in the full payment of such tax until April 2002 sufficient to relieve him from liability for the failure to pay penalty of 26 U.S.C. § 6651(a)(2).

Defendant's Statement of Issues: Assuming resolution of jurisdictional issues (which requires resolution of the issues described in paragraphs 2 and 3 below), the substantive issue in this tax refund case is whether the plaintiff properly characterized income in the 1991 tax year as capital gains from the deemed sale of a partnership interest, or whether, as plaintiff now claims, such income should have properly been characterized as cancellation of indebtedness income. More specifically, the issues involved in this case are:

1. Whether the plaintiff, Charles W. Bassing, III, was deemed to have sold his general and limited partnership interests in the Bonifant Limited Partnership (the "partnership"), through the partnership's conveyance of real property owned by the partnership in satisfaction the partnership's debt to the bank which held a note securing the property.

2. Whether the characterization of income realized from the above-stated facts is a partnership item determined at the partnership level or a partner item determined at the partner level.

3. If it is determined that income realized from the above-stated facts is a partnership item determined at the partnership level, whether plaintiff is barred

from seeking adjustment to partnership level items by 26 U.S.C. §§ 7422(h), 6511(g) and 6227(a).

4. Assuming plaintiff is not barred from filing suit, whether income realized from the above-stated facts should be characterized as capital gain or cancellation of indebtedness income.

5. Whether a general partner in a partnership can relieve another general partner in the partnership from payment obligations owed to the partnership.

6. Assuming one partner can release another partner from his payment obligations to the partnership, whether such release has substantial economic effect where the relieved partner realized tax benefits in the form of basis he acquired through an increase in the partnership's debts, without being subject to an obligation to either restore his negative capital account balance or realize capital gain upon the termination of his partnership interest.

7. Assuming plaintiff realized cancellation of indebtedness income, whether such income is excludable from his gross income for the 1991 tax year by 26 U.S.C. § 108(a)(1)(B) and (a)(3), or includable in his gross income under 26 U.S.C. §§ 61(a)(12) and 108(e)(1).

8. Assuming the plaintiff is liable for income tax for 1991, whether the plaintiff had reasonable cause for his delay in the full payment of such tax until April 2002 sufficient to relieve him from liability for the failure to pay penalty of 26 U.S.C. § 6651(a)(2).

I. Settlement. At the present time the parties are unable to determine whether this case can be settled. The parties submit that additional information must be obtained in discovery

before such a determination can be made. The parties propose that they will complete any settlement discussions within 30 days of the date set for the completion of discovery, and, within 30 days after the completion of discovery, the parties will submit to the Court a status report concerning the status of possible settlement.

J. Trial. If the Court determines it has jurisdiction over this case, the parties believe trial may be necessary. The parties propose that within 30 days of the completion of discovery, they will submit to the Court a status report concerning the further proceedings required to resolve this case.

K. Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

L. Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC Appendix ¶ 5, the parties submit the following Discovery Plan:

a. That discovery in the above-captioned case be completed within 180 days from the date of the Court's Order establishing the discovery period.

b. That 30 days after the date set by the Court for completion of discovery, the parties submit to the Court a Joint Status Report discussing the status of settlement and the necessity of further proceedings.

Respectfully submitted,

March 5, 2007

s/ Patrick G. Dooher
PATRICK G. DOOHER
*1700 K Street, NW*
*Suite 300*
*Washington, D.C. 20006*
*Voice: (202) 452-7991*
*Fax: (202) 452-7989*
*Email: patrick.dooher@bipc.com*

Counsel for Plaintiff

March 5, 2007

s/ Jeffrey R. Malo
JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID D. GUSTAFSON
*Chief, Court of Federal Claims Section*
G. ROBSON STEWART
*Reviewer, Court of Federal Claims Section*

March 5, 2007

s/ G. Robson Stewart
Of Counsel

Counsel for Defendant