**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-712 T**
**(Judge Thomas C. Wheeler)**

---

**CHARLES W. BASSING, III**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

## MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT

---

Defendant, the United States, moves the Court to dismiss count one of the complaint in the above captioned case pursuant to RCFC 12(b)(6), for failure to state a claim upon which relief can be granted because § 7422(h) bars refund suits attributable to partnership items.[1] In support of its motion, defendant submits the following:

## INTRODUCTION

More than 10 years after his 1991 tax return was filed, plaintiff attempted to re-characterize income from the deemed sale of a partnership interest as cancellation of debt

[1] Count two of the complaint asks the Court for relief from failure to pay penalties imposed under § 6651(a)(2). Mr. Bassing claims that he is not subject to the failure to pay penalty under § 6651(a)(2) because he was not liable for the underlying tax. As will be shown, Mr. Bassing is barred by § 7422(h) from challenging the underlying tax liability. Therefore, he can not escape the penalty associated with his 1991 tax liability by simply disavowing liability for the underlying tax. *LFAM Corp. v. United States*, 42 Fed. Cl. 698, 702 (1999) (citing *Rubber Research v. Commissioner*, 422 F.2d 1402, 1407 (8th Cir. 1970), (doubt as to the underlying tax does not excuse failure to comply with tax laws)). Mr. Bassing also asserted that he has reasonable cause for his failure to pay his 1991 taxes, but he has not yet presented any evidence to support his contention. If such evidence is forthcoming, defendant will address it at the appropriate time.

income in order to claim a refund of $152,539.03.[2] Plaintiff's claim relates to items that determined the income or loss of the partnership in question when they were taken into account for the partnership's 1991 tax year. Therefore, they are partnership items under § 6231(a)(3) and the corresponding regulations, and § 7422(h) bars actions for refunds attributable to partnership items.[3]

Plaintiff further denies liability for his 1991 taxes in an attempt to circumvent penalties under § 6651(a)(2) that are associated with his 10-year failure to pay his 1991 taxes. Plaintiff has not demonstrated good cause for his decade long failure to pay, and he can not escape the penalties associated with a liability that he is prohibited from challenging by § 7422(h). Accordingly, plaintiff's claim is barred by statute, and count one of his complaint must be dismissed.

## STATEMENT OF THE ISSUE

Whether Mr. Bassing is barred by § 7422(h) from attempting to re-characterize partnership items from the 1110 Bonifant Limited Partnership's 1991 tax year, in order to claim a refund of his personal taxes.

## STATEMENT OF FACTS

Mr. Bassing was a founding partner in the 1110 Bonifant Limited Partnership ("the Bonifant Partnership"), which was organized under Maryland law on April 30,

---

[2] Plaintiff's 1991 tax liability was $68,696, but he failed to pay the tax for almost 10 years. The balance of the refund plaintiff requests is attributable to penalties and interest that accrued during the period that his 1991 tax liability was outstanding.

[3] Unless otherwise indicated, all references to "§" and "section" are to the Internal Revenue Code of 1986 (26 U.S.C.).

1985. (Ex. 1, at Gov 1).[4] The partnership was established for the purpose of acquiring and owning real property located at 1110 Bonifant Street, Silver Spring, Maryland, and for the development and construction of an office building to be held as investment property for the production of income. (Ex. 1, ¶ 3 at Gov. 1). The partnership agreement designated Mr. Bassing and Richard S. Cohen ("Mr. Cohen") as the general partners in the partnership. (Ex. 1, ¶ 5 at Gov 1). Mr. Bassing and Mr. Cohen were also identified as limited partners in the partnership, along with several other individuals and entities, including three family limited partnerships ("FLP's").[5] (Ex. 1, "Exhibit A" at Gov 18). The presence of the FLP's as partners in the partnership, meant that the Bonifant Partnership was a "TEFRA" partnership, which was subject to the provisions of Internal Revenue Code §§ 6221 – 6234.[6]

The original partnership agreement was amended on April 1, 1988, with retroactive effect to December 31, 1987, to comply with the then recently finalized Treasury Regulation § 1.704-1(b). (Ex. 2, at Gov. 20; Ex. 13, Int. # 5 at Gov. 165). The amendment required that, in the event of the Bonifant Partnership's liquidation, any partner with a negative capital account was obligated to restore the deficiency to the

[4] The exhibits are attached to the declaration of Jeffrey R. Malo, filed herewith.

[5] Originally, Mr. Bassing and Mr. Cohen each held a 5% general partnership interest. Mr. Bassing also owned a 25% limited partnership interest, and Mr. Cohen held a 21% limited partnership interest. (Ex. 1, "Exhibit A" at Gov. 18). The admission of subsequent partners later diluted Mr. Bassing's limited partnership interest to 21.25%. (Ex. 3, "Exhibit A" at Gov. 36; Ex. 13, Int. # 9(a) at Gov. 167).

[6] "TEFRA" refers to the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324 (1982). The applicable sections were codified in Internal Revenue Code §§ 6221 – 6234. Under the act, a partnership is defined as any partnership required to file a partnership tax return under § 6031(a) of the Internal Revenue Code, except for those that are comprised of 10 or less partners, each of whom are either individuals, C corporations, or an estate of a deceased partner. § 6231(a)(1). In the present case, the presence of several Family Limited Partnerships ("FLP's") as limited partners in the 1110 Bonifant Limited Partnership, qualify the entity as a "TEFRA" partnership that is subject to the provisions of Internal Revenue Code §§ 6221 – 6234.

partnership (*hereinafter* "the deficiency restoration obligation"). (Ex. 2, ¶ 8(c) at Gov. 23).

Construction of the 1110 Bonifant Street office building was funded by a $5 million building loan provided to the Bonifant Partnership by the First American Bank of Maryland ("the Bank") on November 18, 1985. (Ex. 4, ¶ 2(a) at Gov. 38). The terms of the loan required full repayment of principal and interest on the loan's maturity date, which was November 17, 1990. (Ex. 6, Rec. A at Gov. 62; Ex. 13, Int. # 8(a) at Gov. 166). The loan agreement also required that Mr. Bassing and Mr. Cohen to guaranty the loan. (Ex. 4, ¶ 2(c) at Gov. 39; Ex. 5, at Gov. 59-61).

The commercial real estate market collapsed in the late 1980's and the Bonifant Partnership struggled to secure tenants for its building. (Compl. ¶¶ 16-17; Ex. 13, Int. # 3(e) at Gov. 163). When the building loan matured, the Bonifant Partnership was unable to satisfy its obligations. (Compl. ¶ 18; Ex. 13, Int. # 8(a) at Gov. 166). Mr. Cohen and Mr. Bassing were also incapable of paying the partnership's loan. (*Id.*). During the same period, Mr. Cohen, and several partners other than Mr. Bassing, were involved in separate partnerships that also developed and managed real property. (Ex. 13, Int. # 8(a) and 9(a) at Gov. 166-167). Many of these partnerships were also financed by the First American Bank of Maryland, and were in default on their loan obligations. (Ex. 6, Rec. A-F at Gov. 62-24; Ex. 13, Int. # 8(a) at Gov. 166).

In lieu of foreclosure on these loans, the Bank entered into a settlement agreement on with the partnerships and the various guarantors of the partnerships' loans, including Mr. Cohen and Mr. Bassing. (Compl. ¶ 19; Ex. 6, ¶ 3 at Gov. 62). Under the terms of the settlement agreement, the Bank accepted title to the property owned by the Bonifant

Partnership and a lump sum payment from Mr. Cohen in satisfaction of the Bonifant Partnership's loan obligations. (Compl. ¶ 19; Ex. 6, ¶¶ 2-3 at Gov. 64). The settlement agreement was executed on February 1, 1991. (Compl. ¶ 19; Ex. 6, at Gov. 62). The Bonifant Partnership was effectively liquidated on the same date. (Compl. ¶ 22; Ex. 13, Int. # 4(a) at Gov. 164).

The liquidation left Mr. Bassing with a negative capital account balance of $882,871. (Compl. ¶ 23; Ex. 7, at Gov. 68 and Gov. 71, the sum of Mr. Bassing's general and limited partner year end capital accounts in boxes J(e) is ($882,871); Ex. 13, Int. # 6(b) at Gov. 165). Mr. Bassing was obligated to restore his negative account balance under the terms of the April 1, 1988 amendment to the partnership agreement. (Compl. ¶¶ 15, 23; Ex. 2, ¶ 8(c) at Gov. 23). Mr. Bassing alleges that he was personally insolvent at the time this obligation came due. (Compl. ¶ 26). As a consequence, Mr. Cohen and the remaining partners of the Bonifant Partnership released Mr. Bassing from his deficit restoration obligation in an agreement that was executed simultaneously with the Bank settlement on February 1, 1991. (Compl. ¶ 21; Ex. 8, at Gov. 74).

Mr. Bassing filed his 1991 income tax return on April 15, 1992. (Compl. ¶ 4; Ex. 9, at Gov. 83). He treated the release from his deficit restoration obligation as a deemed sale of his interests in the Bonifant Partnership. (Compl. ¶ 24; Ex. 9, at Gov. 98). He reported capital gain from the deemed sale, but he did not pay the corresponding tax of $68,696. (Ex. 9, at Gov. 84 line 64, and Gov. 98). As a result, he was assessed tax, interest, and failure to pay penalties under § 6651(a)(2). (Compl. ¶ 30). On April 8, 2002, he paid $152,539.03 in full satisfaction of the liability, interest, and

penalties. (Compl. ¶ 8). On July 3, 2002, less than two years after paying his 1991 taxes, Mr. Bassing filed an amended return claiming that the underlying obligation was not income from the deemed sale of a partnership interest, but rather, income from the cancellation of debt that should have been excluded from his 1991 income. (Compl. ¶ 8; Ex. 10, at Gov. 105, 133-142). The Service denied his claim on October 14, 2004, and Mr. Bassing filed suit in this Court on October 13, 2006. (Compl. ¶ 9; Ex. 11, at Gov. 143-145).

## ARGUMENT

**COUNT ONE OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT RELATES TO PARTNERSHIP ITEMS, AND § 7422(h) BARS ACTIONS FOR REFUNDS ATTRIBUTABLE TO PARTNERSHIP ITEMS.**

More than ten years after Mr. Bassing filed his 1991 tax return, he filed an amended return seeking to re-characterize capital gain from the deemed sale of his interests in the 1110 Bonifant Limited Partnership as cancellation of debt income.[7] Mr. Bassing claims that he received cancellation of debt income from the settlement of the Bonifant Partnership's obligations to the First American Bank of Maryland, and the simultaneous release of his deficit restoration obligation. (Comp. ¶¶ 20, 23). Contrary to Mr. Bassing's allegations, his original reporting of the partnership's settlement and release of the deficit restoration obligation, as capital gain from the deemed sale of his partnership interests, was the correct tax treatment for the transaction.

---

[7] Mr. Bassing was allowed to amend his 1991 tax return so long after the original due date because until April 8, 2002, he had not paid the tax shown on his 1991 return. Under § 6511(a), a taxpayer may file a claim for refund within the later of 3 years from the date the return was filed, or 2 years from the date the tax was paid. Mr. Bassing filed his amended 1991 tax return, on which he claimed a refund, within 2 years from the date his 1991 taxes were paid.

However, the Court does not need to decide the correct tax reporting of these events because the bank settlement and release of the deficit restoration obligation were partnership items, and § 7422(h) bars Mr. Bassing from bringing suit for a refund attributable to a partnership item. *Bush v. United States*, 78 Fed. Cl. 76, 80 (2007); *McGann v. United States*, 76 Fed. Cl. 745, 750 (2007) (once an assessment is made, a refund suit is generally not allowed for a refund attributable to partnership items). Therefore, count one of Mr. Bassing's complaint should be dismissed.

The partnership's settlement of its loan obligations and the release of Mr. Bassing's deficit restoration obligation are partnership items. As indicated in the Statement of Facts, the presence of several family limited partnerships in the Bonifant Partnership, rendered it a TEFRA partnership, which is subject to the provisions of §§ 6221 – 6234. Section 6231 defines a partnership item as "any item required to be taken into account for the partnership's taxable year . . . [to the extent that] . . . such item is more appropriately determined at the partnership level than the partner level." § 6231(a)(3). The corresponding regulations provide that, *each partner's share* of items of "income, gain, loss, deduction, or credit of the partnership" are more appropriately determined at the partnership level, and therefore, are partnership items. Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i) (emphasis added).

I. <u>The Bonifant Partnership's settlement with the First American Bank of Maryland was a partnership item.</u>

This Court has acknowledged that partnership level settlements between a partnership and a third party are partnership items. *Gingerich v. United States*, 77 Fed. Cl. 231, 245 (2007); *Keener v. United States*, 76 Fed. Cl. 455, 459 (2007) (settlements made at the partnership level are partnership items). The Bonifant Partnership accounted

for the its settlement of its obligations to the First American Bank of Maryland on its 1991 partnership return, where it was reported as a "sale" of its business property.[8] As a sale, it was an item that constituted income or loss of the partnership. Therefore, the settlement satisfied the definition of a partnership item under § 6231 and the corresponding regulations because it was required to be taken into account for the partnership's tax year and it was an item of income or loss, more appropriately determined at the partnership level.

II. The Bonifant Partnership's release of Mr. Bassing's deficit restoration obligation was a partnership item.

Likewise, the partnership was required to maintain and take into account partnership capital accounts in order to comply with the substantial economic effect rules under § 704(b) and Treas. Reg. § 1.704-1(b)(2)(iv). Capital account balances were reported to partners on Schedule K-1 each tax year. It was through the maintenance of capital accounts that it was determined that Mr. Bassing had a negative capital account balance when the partnership liquidated. Any release of an obligation to contribute funds to the partnership was an item of income or loss of the partnership. Thus, the release of Mr. Bassing's deficit restoration obligation also satisfied the definition of a partnership item under § 6231 and the corresponding regulations. The maintenance and reporting of capital accounts was required to be taken into account for the partnership's tax year, and as items of income or loss, they must be determined at the partnership level.

[8] The partnership reported the transaction on Form 4797, *Sale of Business Property*, which was attached to the partnership's 1991 tax return. (Ex. 12, at Gov. 150). Proceeds from the sale in the amount of $746,054 were described in the statements accompanying the return as "Section 1250 Gain", a term that refers to gain from the disposition of depreciable realty. § 1250. (Ex. 12, at Gov. 159). The sale was reported to the Bonifant Partnership's partners on Schedule K-1, *Partner's Share of Income, Credits, Deductions, Etc.*, as "Section 1231 Gain", which is gain that arises from the sale or exchange of property used in a trade or business. § 1231(a)(3)(A)(i). (Ex. 7, at Gov. 68 and Gov. 71). The sum of Mr. Bassing's general and limited partnership shares on his Schedule K-1's equals $195,838, which is 26.25% (his percentage of ownership) of the $746,054 gain from the settlement that the partnership reported on Form 4797.

III. Tax treatment of partnership items is determined at the partnership level and § 7422(h) bars actions for refunds attributable to partnership items.

Section 6221 provides that "the tax treatment of any partnership item, . . shall be determined at the partnership level." As demonstrated above, the Bonifant Partnership's settlement of its bank obligations and its release of Mr. Bassing's deficit restoration obligation were partnership items, the tax treatment of which were determined by the Bonifant Partnership as required by § 6221. *See Prochorenko v. United States,* 243 F.3d 1359, 1363 (Fed. Cir. 2001) (partnership items are resolved at the partnership level). More than 10 years after these partnership items were finalized, Mr. Bassing filed an amended return advocating different treatment of these partnership items, which he suggests would eliminate his 1991 tax liability and entitle him to a refund of his 1991 taxes. However, actions for refunds attributable to partnership items are barred by § 7422(h). *Bush,* 78 Fed. Cl. at 80; *McGann,* 76 Fed. Cl. at 745. Thus, Mr. Bassing can not re-characterize the tax treatment of these items so that he can claim a refund.

Actions for a refunds attributable to partnership items are only allowed as provided in § 6228(b), which provide that a partner may bring suit for a refund of a partnership item, if the Secretary notifies such partner that the item shall be treated as a non-partnership item, and § 6230(c), which provides that a partner may bring suit for a refund of a partnership item where the Secretary erroneously computed the income of the partnership. Neither condition for filing suit for a refund attributable to a partnership item exists in the present case. Accordingly, Mr. Bassing's claim is barred by § 7422(h). As a result, he has failed to state a claim upon which relief can be granted, and count one of his complaint should be dismissed.

WHEREFORE, defendant respectfully requests that is motion for partial dismissal of plaintiff's complaint be granted.

November 15, 2007

s/ Jeffrey R. Malo

JEFFREY R. MALO
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 305-7539
Fax: (202) 514-9440
Email: jeffrey.r.malo@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer, Court of Federal Claims Section

November 15, 2007

s/ G. Robson Stewart
Of Counsel

Counsel for Defendant