# 1110 BONIFANT LIMITED PARTNERSHIP
## AMENDMENT TO THE AGREEMENT AND CERTIFICATE OF LIMITED PARTNERSHIP

THIS AMENDMENT TO THE AGREEMENT AND CERTIFICATE OF LIMITED PARTNERSHIP (this "Amendment") is made this 1st day of April, 1988, by and among the undersigned parties and is to have retroactive effect to December 31, 1987, pursuant to section 761(c) of the Internal Revenue Code (the "Code").

WHEREAS, a partnership by the name of 1110 Bonifant Limited Partnership (the "Partnership") was formed under either an Agreement of Limited Partnership, an Agreement and Certificate of Limited Partnership or similar document (any of such documents constituting the "Partnership Agreement"); and

WHEREAS, new Treasury Regulations (the "Treasury Regulations" or "Regulations") under Section 704 of the Code which are generally effective for partnership taxable years beginning on or after May 1, 1986 (January 1, 1987 for allocations of nonrecourse deductions) were issued; and

WHEREAS, it is the desire of the limited and general partners (the "Partners") to amend the Partnership Agreement so as to comply with the Regulations; and

WHEREAS, it is intended that this Amendment constitutes an amendment to the Partnership Agreement, and even if less than the necessary interests of the Partners or the necessary number of Partners approve this Amendment as is required under the Partnership Agreement as previously amended, the Partners who agree to this Amendment will be bound by it, even though this Amendment does not comply with the amendment requirements set forth in the Partnership Agreement; and

WHEREAS, it is intended that the Partnership Agreement and this Amendment comply with the Regulations; and therefore, it is possible that any Partners who do not agree to the Amendment or otherwise comply with the Regulations, may not be allocated Partnership losses as no allocation will be made which would not be in compliance with the Regulations.

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Partners agree as follows:

NOTWITHSTANDING any other provisions of the Partnership Agreement which may be to the contrary, the Partnership Agreement is hereby amended in the following fashion:

1. Defined Terms. The defined terms used in the Partnership Agreement shall include among any others the definitions specified below:

(a) Amended Partnership Agreement - shall mean the Partnership Agreement as amended by any prior amendments to the Partnership Agreement and this Amendment.

GOVERNMENT EXHIBIT 2

(b) Capital Account - shall have the meaning provided in Section 9.

(c) Capital Contribution - means the total amount of cash or the fair market value of any property contributed or agreed to be contributed to the Partnership by each Partner (net of any liabilities assumed by the Partnership and any liabilities to which the contributed property is subject) in accordance with this Amended Partnership Agreement. Any reference in this Amended Partnership Agreement to the Capital Contribution of a current Partner shall include any Capital Contribution previously made to the Partnership by any predecessor in interest to the current Partner.

(d) Code - means the Internal Revenue Code of 1986, as amended.

(e) General Partners - mean for purposes of this Amendment the general partners of the Partnership if there shall be more than one general partner or the sole general partner of the Partnership if there shall only be one such general partner.

(f) Interest or Partnership Interest - means the ownership interest of a Partner in the Partnership at any particular time, including his or its right to any benefits under this Amended Partnership Agreement and his or its obligations to comply with all the provisions of the Amended Partnership Agreement.

(g) Negative Capital Account - means a Capital Account with a balance less than zero.

(h) Net Income or Net Loss - means for any fiscal year the net income or net loss of the Partnership for federal income tax purposes for that year, determined without regard to any adjustments to basis pursuant to section 734 or 743 of the Code, with the following adjustments:

(i) Any income of the Partnership that is exempt from federal income tax shall be added.

(ii) Any expenditures of the Partnership described in Code Section 705(a)(2)(B), or treated as Code Section 705(a)(2)(B) expenditures pursuant to Income Tax Regulations Section 1.704-1(b)(2)(iv)(i), shall be subtracted.

(i) Positive Capital Account - means a Capital Account with a balance greater than zero.

(j) Profit and Loss - means the taxable income and loss of the Partnership for federal income tax purposes, determined as of the close of the Partnership's taxable year, including, where the context requires, related federal income tax items such as capital gain or loss, tax preferences, investment interest, investment tax credits, depreciation and depreciation recapture.

(k) Sale - means any Partnership transaction resulting in the receipt of cash or other compensation (other than the receipt of Capital Contributions) not in the ordinary course of its business, including, without limitation, sales or exchanges or other dispositions of real or personal

property not in the ordinary course of business, condemnations, recoveries of damage awards and insurance proceeds (other than business or rental interruption insurance proceeds), but excepting any borrowing or mortgage refinancings.

2. Allocation of Profit from a Sale. Profit from any Sale (and Profit from any deemed Sale pursuant to Section 7 of this Amendment) shall be allocated among the Partners as follows:

(a) Subject to the provisions of Section 6 of this Amendment, if one or more Partners have a Negative Capital Account balance, to such Partners, in proportion to their Negative Capital Account balances, until all such Negative Capital Accounts have zero balances.

(b) Any remaining Profit shall be allocated among the Partners in accordance with the provisions of the Partnership Agreement as previously amended.

3. Allocation of Loss from a Sale. Loss from any Sale (and Loss from any deemed Sale pursuant to Section 7 of this Amendment) shall be allocated among the Partners as follows:

Subject to the provisions of Section 6 of this Amendment, any Loss from any Sale shall be allocated among the Partners in accordance with the provisions of the Partnership Agreement as previously amended.

4. Deductions with Respect to Nonrecourse Debt. With respect to any losses of the Partnership attributable to nonrecourse debt, all other material allocations and capital account adjustments must be recognized under the Regulations (except for allocations of basis governed by Section 613A(c)(7)(o) pursuant to Treasury Regulations Section 1.704(b)(4)(iv)(d). Furthermore, allocations attributable to nonrecourse debt will be made in accordance with Treasury Regulations Sections 1.704-1(b)(4)(iv)(d)(2).

5. Allocations on Transfer of Partnership Interest. In any Fiscal Year in which a Limited Partner sells, assigns or transfers all or any part of his Interest to any person who during such Fiscal Year is admitted as a Substituted Limited Partner, profits and losses and items of income, gain, deduction loss and credit attributable to the Interest so sold, assigned or transferred shall be allocated between the transferor and the transferee in accordance with Code Section 706 or any Treasury Regulations promulgated thereunder using any permissible convention selected by the General Partners.

6. Section 704(c) Allocations. Items of income, gain, loss and deduction with respect to any property contributed by a Partner to the capital of the Partnership shall, solely for tax purposes, be allocated among the Partners as mandated by Code Section 704(c) and any Treasury Regulations promulgated thereunder so as to take account of any variation between the adjusted tax basis of the contributed property to the Partnership and its fair market value at the time of contribution. In the event that the Partners' Capital Accounts are adjusted to reflect a revaluation of the Partnership's property pursuant to Treasury Regulations Section 1.704-1(b)(2)(iv)(f) or Treasury Regulations Section 1.704-1(b)(2)(iv)(r), subsequent allocations of items of income, gain, loss and deduction with respect to any such asset shall

take into account any variation between the adjusted tax basis of such asset and its fair market value in the same manner as under Code Section 704(c) and any Treasury Regulations promulgated thereunder.

7. Distribution of Assets in Kind. Subject to all of the special rules of this Section 7 of this Amendment, if any assets of the Partnership are distributed to the Partners in kind, such assets shall be valued on the basis of the fair market value thereof to determine the Profit or Loss which would have resulted if such assets were sold, and such deemed Profit or Loss shall be allocated as provided in Sections 2 or 3 of this Amendment, and shall be properly credited or charged to the Capital Accounts of the Partners in accordance with Section 1.704-1(b)(2)(iv)(e) of the Treasury Regulations. In this event, the amount distributed and charged to the Capital Accounts of the Partners receiving an interest in such distributed assets shall be the fair market value (instead of the adjusted basis) of such assets. Any Partner entitled to any interest in such assets shall receive such interest as a tenant-in-common with all other Partners so entitled. The fair market value of such assets shall be determined by the General Partners or their agents.

8. Liquidation or Dissolution.

(a) In the event the Partnership (or any Partner's Interest in the Partnership) is liquidated or dissolved, the assets of the Partnership shall be distributed to the Partners in accordance with the balances in their respective Positive Capital Accounts, after taking into account the allocations of Profit or Loss, if any, and distributions of cash or property, if any, pursuant to Treasury Regulations Section 1.704-1(b)(2)(ii)(b)(2).

(b) Any Partner who has an obligation to make additional Capital Contributions to the Partnership to fund any deficiency under any debt or obligation of said Partner to the Partnership which has not been funded at the date of liquidation shall pay such deficiency to the Partnership within ninety (90) days of the liquidation of the Partnership.

(c) Any Partner with a Negative Capital Account balance following the distribution of liquidation proceeds shall restore the entire Negative Capital Account balance of such Partner to the Partnership, by no later than the later to occur of (i) the end of the taxable year in which the liquidation of the Partnership (or of the Partner's Partnership Interest) occurs, or (ii) ninety (90) days after the date of the liquidation of the Partnership (or of the Partner's Partnership Interest) which amount shall be paid to creditors of the Partnership or otherwise distributed to those Partners with Positive Capital Account balances.

9. Maintenance of Capital Accounts.

(a) Each Partner shall have a Capital Account which shall consist of (i) the amount of money plus the fair market value of property contributed by the Partner to the Partnership (net of liabilities secured by the contributed property that the Partnership assumes or takes subject to); increased by (ii) allocations of Partnership Net Income (or items thereof); and decreased by: (iii) the amount of money and the fair market value of property distributed to the Partner by the Partnership (net of liabilities secured by the distributed

property that it assumes or takes subject to), (iv) allocations of expenditures of the Partnership described in Section 705(a)(2)(B) of the Code, and (v) allocations of Partnership Net Loss (of items thereof). Each Partner's Capital Account shall be further adjusted as necessary for the Partners' Capital Accounts to be determined and maintained in accordance with Regulations Section 1.704-1(b)(2)(iv), including those provisions applicable to contributions and distributions of property to the extent applicable.

(b) The foregoing provisions and the other provisions of the Amended Partnership Agreement relating to the maintenance of Capital Accounts are intended to comply with Treasury Regulations Section 1.704-1(b), and shall be interpreted and applied in a manner consistent with such Treasury Regulations. In the event the General Partners shall determine that it is prudent to modify the manner in which the Capital Accounts, or any debits or credits thereto, are computed in order to comply with such Treasury Regulations, the General Partners may make such modification, provided that it is not likely to have a material effect on the amounts distributable to any Partner pursuant to the other provisions of the Amended Partnership Agreement upon the dissolution of the Partnership. The General Partners shall adjust the amounts debited or credited to Capital Accounts with respect to (i) any property contributed to the Partnership or distributed to the General Partners and (ii) any liabilities that are secured by such contributed or distributed property or that are assumed by the Partnership or the General Partners, in the event the General Partners shall determine such adjustments are necessary or appropriate pursuant to Treasury Regulations Section 1.704-1(b)(2)(iv).

(c) Except as set forth under Section 8(c) of this Amendment, no Limited Partner shall be reqired to contribute any capital in addition to the contributions required under the Partnership Agreement as previously amended. No interest shall be paid on any Capital Contribution.

10. General Allocation Rules. In applying the provisions of the Amended Partnership Agreement, allocations of Profit or Loss shall be made before any determination of the distributions of proceeds to be made to Partners. It is the intent of the General Partners that each Partner's distributive share of Profit and Loss shall be determined and allocated in accordance with the other provisions of the Amended Partnership Agreement, including Sections 2 and 3 of this Amendment, to the fullest extent permitted by Sections 704(b) and 706 of the Code. Therefore, if the Partnership is advised that the allocations provided in the other provisions of the Amended Partnership Agreement, including Sections 2 and 3 of this Amendment, are unlikely to be respected for federal income tax purposes, the General Partners are hereby granted the power to amend, on advice of the Partnership's accountants and legal counsel, the applicable provisions of the Amended Partnership Agreement, as to the plan of allocations of Profit and Loss, and distributions of cash or property to the minimum extent necessary to conform to Sections 704(b) and 706 of the Code. Any elections or decisions relating to such allocations shall be made by the General Partners in a manner that reasonably reflects the purpose and intention of the Amended Partnership Agreement.

11. Effect of Amendment. Except as set forth herein, the Partnership Agreement as may have been previously amended shall remain in full force and effect. Where the provisions of this Amendment are specifically inconsistent

with the provisions of the Partnership Agreement, as previously amended, the provisions of this Amendment shall control. Even if less than the necessary interests of the Partners or the necessary number of Partners approve this Amendment as is required under the Partnership Agreement, as previously amended, the Partners who agree to this Amendment will be bound by it, even though this Amendment does not comply with the amendment requirements set forth in the Partnership Agreement as previously amended.

IN WITNESS WHEREOF, the Partners, intending to be legally bound hereby, have executed this Amendment to the Agreement and Certificate of Limited Partnership the day and year first above written.

(SIGNATURES ON SEPARATE PAGE)

WITNESS/ATTEST:

GENERAL PARTNERS:

Richard S. Cohen

Charles W. Bassing, III

1035/1041/1055

WITNESS/ATTEST:

GENERAL PARTNERS:

Richard S. Cohen

Charles W. Bassing, III

1035/1041/1055

SEPARATE SIGNATURE PAGE

Amendment to the Agreement and Certificate of Limited Partnership

Partnership Name: 1110 Bonifant Limited Partnership

Date of Amendment: April 1, 1988

WITNESS:

LIMITED PARTNERS:

Richard S. Cohen

No. 1, No. 2, and No. 3 Family Limited Partnerships,
By Richard S. Cohen, General Partner of said Partnerships

1034/1041/1055

SEPARATE SIGNATURE PAGE

Amendment to the Agreement and Certificate of Limited Partnership

Partnership Name: 1110 Bonifant Limited Partnership

Date of Amendment: April 1, 1988

WITNESS:

LIMITED PARTNER:

Charles Bassing

1034/1041/1112

SEPARATE SIGNATURE PAGE

Amendment to the Agreement and Certificate of Limited Partnership

Partnership Name: 1110 Bonifant Limited Partnership

Date of Amendment: April 1, 1988

WITNESS:

LIMITED PARTNERERS:

Joel B. Heffler

Frances B. Heffler

1034/1041/1057