chn/hd
rfl/sas

FIRST AMENDMENT TO THE CERTIFICATE
AND AGREEMENT OF LIMITED PARTNERSHIP
OF 1110 BONIFANT STREET LIMITED PARTNERSHIP

THIS FIRST AMENDMENT is made this 23rd day of August, 1988.

WHEREAS, by Limited Partnership Agreement and Certificate dated as of April 30, 1985 (the "Agreement and Certificate") the undersigned present partners of 1110 BONIFANT LIMITED PARTNERSHIP (the "Partnership") formed the Partnership pursuant to the laws of the State of Maryland; and

WHEREAS, pursuant to Section 6(F) of the Agreement and Certificate, additional partners may be admitted into the Partnership, and

WHEREAS, in order to induce Rufus S. Lusk & Son, Inc., a District of Columbia corporation (the "Assignee") to be a tenant of the Partnership under that certain Lease Agreement of even dated herewith (the "Lease") the undersigned partners agree that the Assignee shall be admitted as a limited partner to the extent of a 12.5% limited partnership interest; and

WHEREAS, the Partners have agreed to each reduce their respective limited partnership interests to reflect the admission into the Partnership of the Assignee as follows: Richard S. Cohen, 3.25%; Charles W. Bassing III, 3.75%; No. 1 RSC Family Limited Partnership, 2%; No. 2 RSC Family Limited Partnership, .75%; No. 3 RSC Family Limited Partnership, 2.5%; Joel B. Heffler and Frances B. Heffler, Joint Tenants, .25%; and

WHEREAS, the Assignee has agreed to certain restrictions on its interests as described herein; and

WHEREAS, the present partners and the Assignee desire that the Assignee be admitted to the Partnership to the extent of the interest so conveyed to it.

GOVERNMENT EXHIBIT 3

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby agree and certify as follows:

1. Exhibit "A" attached to the Agreement and Certificate is hereby amended by substituting therefor Exhibit "A" as hereto attached in order to reflect the admission of the Assignee as a limited partner to the extent of a 12.5% limited partnership interest assigned to it. The Assignee hereby agrees to be bound by, keep and observe all of the obligations of a limited partner under the Agreement and Certificate.

2. Section 6(F) is hereby amended in order to expressly provide that in no event absent the prior express written consent of the Assignee (which consent may be granted or withheld in the sole and absolute discretion of the Assignee) shall the interest of the Assignee in the Partnership be reduced below twelve and one-half percent (12-12/%), notwithstanding any subsequent admission into the Partnership, as a general or limited partner, of any investor, lender or tenant occurring pursuant to Section 6(F). Further, in no event shall the appointment by the limited partners of the general partners, or any one of them, as attorney or attorneys-in-fact for such limited partners, made pursuant to subdivision (ii) of Article 18(A) of the Agreement and Certificate, be construed so as to authorize the general partners, or any one of them, to consent to a substitution of a limited partner, if as a result of such substitution, the interest of the Assignee as a limited partner in the partnership were to be reduced below twelve and one-half percent (12-1/2%).

3. In view of the admission into the Partnership of the Assignee, Section 19(A) of the Agreement and Certificate is hereby amended by deleting the reference in subsection (i)

thereof from sixty percent (60%), and inserting in lieu thereof fifty-two and twenty-five one hundredths percent (52.25%). Further, in view of the admission into the Partnership of the Assignee, Section 19(A) of the Agreement and Certificate is hereby amended by deleting the reference in subsection (ii) thereof from thirty percent (30%), and inserting in lieu thereof twenty-six and twenty-five one hundredths percent (26.25%).

In addition, Section 19(B) of the Agreement and Certificate is hereby deleted in its entirety, and the following is inserted in lieu thereof:

> "(B) In addition, Richard S. Cohen shall have the right to notify Charles W. Bassing, III of the price, terms and conditions upon which he would be willing to sell the property, in which event Charles W. Bassing, III shall have the right and option for a period of thirty (30) days from the date of his receipt of such notice to purchase all of the partnership interests of Richard S. Cohen, RSC Family Limited Partnership and any other partners affiliated with Richard S. Cohen for a price and on terms that would net them the same amount of funds and at the same time that would be realized by them if a sale of the property to a third party had occurred upon the price and terms set forth in such notice. If Charles W. Bassing, III fails to give Richard S. Cohen written notice within said thirty (30) days' period of time that he has elected to purchase the partnership interests of Richard S. Cohen and his affiliated partners at a price and on terms and conditions as above provided, such failure shall conclusively be deemed to mean that Charles W. Bassing, III has elected not to exercise its right to meet the price and terms resulting from the price of the property set forth in such notice, and Richard S. Cohen shall have the right, for a period of six (6) months thereafter, to sell the partnership interests of Richard S. Cohen and his affiliated partners to a third party (or his designee) for the price and upon the terms as provided hereinabove, or for a price and terms which are more advantageous to the selling partners, but not for a price or upon the terms which are less advantageous to the selling partners than those which would have been realized by the selling partners had a sale of the property been consummated at the price set forth in the aforesaid notice, and to cause such third party (or his designee) to be admitted into the Partnership as a general partner, to the extent of the general partnership interests held by Richard S. Cohen."

4. The Assignee, by its execution hereof, acknowledges and agrees that it shall be prohibited without the express written consent of the general partners of the Partnership, which consent may be granted or withheld in the

sole discretion of the general partners, from transferring its limited partner interests so acquired herein for a period of ten (10) years commencing with the Lease Commencement Date (as such term is defined under the Lease).

5. Except as hereby amended, the Agreement and Certificate shall in all other respects be and remain in full force and effect.

6. This Amendment may be executed in one or more counterparts, each of which shall constitute one agreement, binding on all the parties hereto, even though all the parties are not signatories to the original or the same counterpart.

7. The General Partners hereby consent to the admission of the Assignee as a limited partner of the Partnership to the extent of the 12.5% limited partnership interests assigned to it and acknowledge that such admission is without the requirement of any cash or capital contribution by such Assignee.

IN WITNESS WHEREOF, the undersigned parties intending to be legally bound hereby, have caused this Amendment to be executed as of the day and year first above written.

WITNESS:

GENERAL PARTNERS

______________________ (SEAL)
Richard S. Cohen

______________________ (SEAL)
Charles W. Bassing, III

LIMITED PARTNERS

______________________ (SEAL)
Richard S. Cohen

______________________ (SEAL)
Charles W. Bassing, III

NO. 1 RSC FAMILY LIMITED
PARTNERSHIP

NO. 2 RSC FAMILY LIMITED
PARTNERSHIP

NO. 3 RSC FAMILY LIMITED
PARTNERSHIP

By: ____________________ (SEAL)
Richard S. Cohen,
General Partner

____________________ (SEAL)
Joel B. Heffler

____________________ (SEAL)
Frances B. Heffler

ATTEST

RUFUS S. LUSK & SON, INC.

By ____________________ (SEAL)
President

EXHIBIT "A"

| Name and Address | Capital Investment | Percentage Interest In Partnership |
|---|---|---|
| GENERAL PARTNERS: | | |
| Richard S. Cohen<br>7811 Montrose Road<br>Potomac, MD 20854 | $ 50.00 | 5.00% |
| Charles W. Bassing III<br>6707 Old Dominion Drive<br>Suite 220<br>McLean, Virginia | $ 50.00 | 5.00% |
| LIMITED PARTNERS: | | |
| Richard S. Cohen<br>7811 Montrose Road<br>Potomac, MD 20854 | $ 210.00 | 17.75% |
| Charles W. Bassing III<br>6707 Old Dominion Drive<br>Suite 220<br>McLean, Virginia | $ 250.00 | 21.25% |
| No. 1 RSC Family<br>Limited Partnership<br>7811 Montrose Road<br>Potomac, MD 20854 | $ 160.00 | 14.00% |
| No. 2 RSC Family<br>Limited Partnership<br>7811 Montrose Road<br>Potomac, MD 20854 | $ 60.00 | 5.25%% |
| No. 3 RSC Family<br>Limited Partnership<br>7811 Montrose Road<br>Potomac, MD 20854 | $ 200.00 | 17.50% |
| Joel B. Heffler and<br>Frances B. Heffler,<br>Joint Tenants<br>8209 Coach Street<br>Potomac, MD 20854 | $ 20.00 | 1.75% |
| Rufus S. Lusk & Son~~s~~, Inc.<br>182~~8~~7 Jefferson Place, N.W.<br>Washington, D.C. 2003~~8~~6 | $ 0 | 12.50% |
| TOTAL | $ 1,000.00 | 100.00% |



75 CM