# BUILDING LOAN AGREEMENT

THIS BUILDING LOAN AGREEMENT (the "Agreement") is made this 18 day of November, 1985, by and between 1110 BONIFANT LIMITED PARTNERSHIP, a Maryland limited partnership (the "Borrower") and FIRST AMERICAN BANK OF MARYLAND, a banking association (the "Bank").

## RECITALS

WHEREAS, the Borrower has acquired the fee simple interest in the real estate situate in Montgomery County Maryland (the "Land"), and more fully described in the Deed of Trust (as hereinafter defined), upon which it proposes to construct and develop an office building (the "Improvements") in accordance with the plans and specifications (the "Plans") attached hereto as Exhibit A and made a part hereof, dated July 17, 1985 and prepared by GMR, Ltd. (the "Architect"), a copy of which has been initialled by the Borrower and the Bank for identification and delivered to the Bank; and

WHEREAS the Borrower has advised the Bank that it shall complete construction (or cause completion of construction) of the Improvements in accordance with the Plans, not later than fifteen months from the date hereof, subject to extension for force majeure for a period not greater than sixty (60) days (the "Completion Date"), or by such earlier date as is defined in Paragraph 7(c) hereof; and

WHEREAS, the Borrower has entered into a building contract (the "Building Contract") dated June 28, 1985, with Willco Construction Co., Inc. (the "General Contractor"), which Building Contract is attached hereto as Exhibit B and made a part hereof, providing for construction of the Improvements in accordance with the Plans on or before the Completion Date; and

LAW OFFICES OF
MELNICOVE, KAUFMAN, WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



GOVERNMENT EXHIBIT 4

WHEREAS, the Borrower has applied to the Bank for a loan in the amount of Five Million Dollars ($5,000,000.00) (the "Loan") to be evidenced by the Borrower's Promissory Note (the "Note") of even date and secured by, among other things, a Deed of Trust of even date (the "Deed of Trust") on the fee simple interest in the Land and the Improvements therein (sometimes referred to herein as the "Premises") to finance the construction of the Improvements (collectively the "Project"); and

WHEREAS, the Bank has agreed to make the Loan upon the condition that this Agreement be executed and delivered to assure the application of the net proceeds of the Loan for the construction of the Improvements all in accordance with the loan budget attached hereto as Exhibit C (the "Budget").

NOW, THEREFORE, THIS AGREEMENT WITNESSETH:

1. The Loan. The Bank agrees to lend to the Borrower, subject to the terms and conditions herein set forth, sums in the aggregate not in excess of the Loan amount. Interest shall accrue and be payable only on sums advanced hereunder for the period of time outstanding.

2. Security. As security for the repayment of the Note, Borrower shall execute, acknowledge and deliver to Bank the following documents (which documents as the same may be amended or modified from time to time are hereinafter sometimes referred to collectively as the "Loan Documents"):

(a) A Deed of Trust of even date in the principal amount of Five Million Dollars, which covers the Land, Improvements, leases, contracts, legal claims and all fixtures, machinery and equipment necessary or incidental to the general operation and maintenance thereof and all requirements thereof

LAW OFFICES OF
MELNICOVE, KAUFMAN, WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

or additions thereto, all as more specifically described in the Deed of Trust. The Deed of Trust is a first lien on the good and marketable fee simple title to the Land which shall be insurable at regular rates by a title insurance company acceptable to the Bank and free and clear of all prior liens, restrictions, easements and other encumbrances and title objections except as may have been approved in writing by the Bank or by the Bank accepting its mortgagee's title binder subject thereto.

(b) Such security agreements, financing statements and other security instruments, creating a valid first lien upon the fixtures, machinery, equipment and other real and personal property now or hereafter owned by Borrower and located upon or associated with the Premises, as the Bank may reasonably require.

(c) A guaranty of payment of the Loan (the "Guaranty") by Richard S. Cohen and by Charles W. Bassing, III (the "Guarantor").

The Note and the Loan Documents shall be in form and substance satisfactory to the Bank, and the Borrower hereby agrees to pay all necessary filing and recording fees required in connection therewith.

3. Additional Funds. If at any time the unpaid Costs (defined as the total cost of the Improvements, the interest due pursuant to the Note and the indirect expenses of construction of the Improvements), as estimated by the Bank, exceed the undisbursed balance of the Loan, the Borrower shall provide from sources other than the Loan the funds necessary, together with the proceeds of the Loan, to pay the total Costs so that the Premises shall be free of all liens except the lien

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2769g:11/04/85:80

of the Deed of Trust, liens for taxes and public charges not delinquent, and any other liens permitted in the Loan Documents or herein. The Borrower shall deposit with the Bank from time to time such amounts in excess of the Loan proceeds as may be required to pay these Costs (the "Deposit"), including, upon execution of this Agreement, a sum equal to the difference, if any, between the estimated total unpaid Costs and the amount of the Loan. In making advances pursuant to Paragraph 4 hereof, the Bank shall draw first upon the Deposit until such sums are exhausted, and then upon the proceeds of the Loan.

4. Loan Advances.

4.1. Not Assignable. The proceeds of the Loan shall not be assignable by the Borrower nor subject to the process of any court upon legal action by or against the Borrower or by or against anyone claiming under or through it; provided, however, that nothing herein contained shall be considered as in anywise modifying, affecting or subordinating the obligations heretofore given or to be given by the Borrower as security for the Loan and the same shall be and remain in full force, tenor and effect, this Agreement being intended only as additional security and protection for the Loan and to assure its use for the purpose agreed to and intended by the Bank and the Borrower.

4.2. Purpose. The Loan will be advanced by the Bank as required to pay those expenses related to the Loan, the Land and the Improvements described in the Budget.

4.3. Requisitions. (a) Advances by the Bank for labor, services and materials provided by the General Contractor and its subcontractors and by any subcontractors whose contract is directly with the Borrower shall be made not

LAW OFFICES OF
MELNICOVE, KAUFMAN, WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

more frequently than once a month on requsitions in the form approved by Bank (AIA documents G 702 and G 703) signed by Richard S. Cohen, or his authorized representative, on behalf of the Borrower and approved and signed by the Architect, showing the percentage of completion and setting forth in trade breakdown form and in such detail as may be required by the Bank, the amounts expended, and/or costs incurred for work done and necessary materials incorporated in the Improvements. Advances will be made to an account of Borrower established with the Bank, and all payments made in connection with the Project will be made through said account. The Borrower shall submit with each requisition a statement that the work completed to the date of such requisition is of quality consistent with the Plans. Requests for advances must be received by Bank at least ten (10) days prior to the day the advance is sought.

Advances for site work and direct construction costs shall be not more than ninety percent (90%) of the amount requisitioned until the improvements are at least fifty percent (50%) complete in the opinion of the Bank and its inspecting engineer, at which time the holdback and the overall retainage shall decrease to five percent (5%) of the total site work and direct construction costs requisitioned to date and thereafter until completion of the Improvements. At the Bank's request at any time after an event of default exists or has existed under the Note or any Loan Document, the General Contractor, subcontractors, laborers and material suppliers shall furnish labor and material releases as construction progresses as required in Paragraph 9(g) hereof. The full retainage applicable to the site work and direct costs of construction

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

will be withheld until (a) the Improvements are substantially completed in accordance with the Plans in a manner reasonably acceptable to the Bank, (b) certificates of completion have been issued by the Architect and by governmental authorities having jurisdiction, and (c) final waivers of liens of the General Contractor, subcontractors, laborers and material suppliers have been furnished to the Bank and such other evidence of lien free completion as the Bank may reasonably require, or, as to any disputed lien or claim of lien, a bond in form and substance acceptable to the Bank has been provided or sufficient funds to cover it are placed in escrow with an escrow agent satisfactory to the Bank; provided, however, the holdback on any subcontractor, laborer or materialman who has completed his work or services and whose work or services has been accepted and approved by the Borrower, the Architect and the Bank, and who has delivered to the Bank a final waiver of liens, may be requisitioned by the Borrower and may be disbursed by the Bank upon requisition and approval by the Bank's inspecting engineer.

(b) All advances for indirect expenses related to the Loan or the Improvements shall, following approval by the Bank, be in an amount equal to one hundred percent (100%) of the sum requisitioned. The Bank shall only advance funds when Borrower has provided receipted invoices or paid bills approved by the Bank. The Bank shall have a period of ten (10) business days within which to fund each approved requisition.

(c) Upon completion of the Improvements and payment of all costs in connection therewith, no further Loan proceeds shall be requisitioned by the Borrower with the

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

exception of any indirect costs requisitioned and approved as provided in Paragraph 4.3(b).

(d) Notwithstanding anything to the contrary, the Bank shall be under no obligation to disburse any proceeds from the Loan until the Borrower provides the Bank with all signed contracts for Construction acceptable to the Bank.

4.4. Liability of the Bank. Except as provided in the Contractor's Agreement to Complete of even date herewith, the Bank shall in no event be responsible or liable to any person other than the Borrower for the disbursement of or failure to disburse the Loan proceeds or any part thereof and neither the General Contractor nor any subcontractor, laborer or material supplier shall have any right or claim against the Bank under this Agreement or the administration thereof.

5. Construction

5.1. Compliance with Laws and Plans. Construction of the Improvements and all Development Work (defined as on-site street improvements and installation of curbs, sidewalks, grading, utilities and connections therefor as may be required for normal use thereof) shall be performed substantially in accordance with the Plans and all applicable statutes, laws and ordinances, and in accordance with the rules, regulations and requirements of all regulatory authorities having jurisdiction; provided, however, that in the event of any conflict between the Plans and the provisions of any statute, law, ordinance, rule, regulation or requirement as aforesaid, the Borrower shall immediately (a) notify the Bank of the conflict and (b) obtain the approval of the Bank to any necessary revisions in the Plans.

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2769g:11/04/85:80

5.2 Removal. Within forty-eight (48) hours after receiving notice from the Bank, Borrower at its expense will commence or cause to be commenced the removal from the Land of all materials or equipment, whether incorporated into the Improvements or not, and all portions of the construction which the Bank may rightfully condemn as failing in a substantial way to conform with the Plans, and will diligently prosecute and cause such removal. Borrower further agrees to repair or replace at its expense any portion of the Improvements which may be damaged by such removal and to rebuild, replace or restore, as appropriate, the non-conforming materials or construction.

6. Representations and Warranties of the Borrower. The Borrower represents and warrants that:

(a) it is a limited partnership duly organized and validly existing under the laws of the State of Maryland, has the power and authority to consummate the transactions contemplated hereby, and has taken all necessary action to authorize the execution, delivery and performance of this Agreement, the Note and the Loan Documents;

(b) the Plans and the approved recorded site plan shall be approved, to the extent required by applicable law, by all local authorities prior to any further disbursement of the Loan;

(c) the anticipated use of the Premises complies with applicable zoning ordinances, regulations and restrictive covenants affecting the Land, all use requirements of any governmental authority having jurisdiction have been satisfied, and no violation of any law or regulation exists with respect thereto;

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

(d) all public and private utility services necessary for the construction of the Improvements and the operation thereof for their intended purpose are available to the Land, including, but not limited to, water supply, storm and sanitary sewer facilities, electric and telephone facilities;

(e) there is no default on the part of the Borrower under this Agreement, the Note, any of the Loan Documents and no event has occurred and is continuing which with notice or the passage of time or either would constitute a default under any of the above; and

(f) each requisition, or the receipt of the funds requested thereby, shall constitute an affirmation that the foregoing representations and warranties of the Borrower are true and correct as of the date thereof and, unless the Bank is notified to the contrary prior to the disbursement of the advance requisitioned, will be so on the date thereof.

7. Covenants of the Borrower. The Borrower covenants with the Bank as follows:

(a) it will not convey or encumber the Land or the Improvements in any way without the prior written consent of the Bank, except for normal utility easements and rights-of-way and temporary construction easements as provided in the Deed of Trust.

(b) it will permit the Bank, its representatives and engineer, to enter upon the Land, inspect the Improvements and all materials to be used in the construction thereof and to examine all detailed plans and drawings which are or may be kept at the construction site and will cooperate, and cause the General Contractor, subcontractors, laborers and materialmen to cooperate, with the Bank, its representatives and engineer;

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2769g:11/04/85:80

(c) it will cause the construction of the Improvements to be prosecuted with diligence and continuity in accordance with the Plans, and to be completed in accordance with the Plans on or before the Completion Date, free and clear of liens or claims for material supplied and for labor or services performed in connection with the construction of the Improvements.

(d) it will receive the Loan advances solely for the purpose of paying the Costs and will apply the advances to such payment;

(e) at the Bank's request, it will furnish to the Bank assurances satisfactory to the Bank that any funds necessary to complete the Improvements, in excess of the proceeds of the Loan, have been or will be advanced by the Borrower prior to any further advances of the Loan by the Bank;

(f) it will deliver to the Bank on demand, any contracts, bills of sale, statements, receipted vouchers or agreements, under which the Borrower claims title to any materials, fixtures or articles incorporated in the Improvements or subject to the lien of the Deed of Trust.

(g) it will, upon demand by the Bank, commence and proceed promptly and diligently to correct any structural defect in the Improvements or any departure from the Plans not approved by the Bank. The advance of any portion of the Loan proceeds shall not constitute a waiver of the Bank's right to require compliance with this covenant with respect to any such defects or departures from the Plans;

(h) it will comply with all restrictive covenants affecting the Land and upon notice from the Bank of any failure to comply, will commence and proceed promptly and diligently to bring about compliance;

LAW OFFICES OF
MELNICOVE, KAUFMAN, WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

(i) it will keep adequate records and books of account with respect to the Land and the Improvements in accordance with generally accepted accounting principles and will permit the Bank, by its agents, accountants and attorneys, to visit and inspect the Land and the Improvements and examine such records and books of account and to discuss the affairs, finances and accounts pertaining thereto with representatives of the Borrower at such reasonable times as may be requested by the Bank;

(j) it will not engage or continue to employ any subcontractor, laborer or materialman who may be objectionable to the Bank for good cause shown;

(k) it will pay the fees of the Bank's engineer; and

(l) it will not make any changes in the Plans nor approve or permit to take effect any change orders in connection with construction of the Improvements without the prior written approval of the Bank.

8. <u>Conditions Precedent to Initial Advance.</u> The making of the initial advance by the Bank to the Borrower is subject to receipt by the Bank of a requisition meeting the requirements of Paragraph 4.3 hereof and the following conditions precedent:

(a) the Note, the Deed of Trust and the other Loan Documents shall have been properly executed and delivered to the Bank, and the Deed of Trust shall be acknowledged and recorded in the appropriate public office or delivered to a representative of the title company for recording;

(b) a title policy or binder shall have been issued by a title insurance company acceptable to the Bank, guaranteeing to the Bank, as mortgagee, a lien on the good and

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

merchantable fee simple title to the Land, subject to no liens and with no exceptions unsatisfactory to the Bank and containing affirmative insurance on such matters as the Bank may reasonably require;

(c) a cost breakdown of both direct and indirect costs shall have been received and approved by the Bank and its engineer;

(d) the Bank shall have received and approved evidence that the Improvements meet zoning requirements and all sewer and storm drain requirements;

(e) if applicable, the Bank shall have received and approved a fully executed copy of the Building Contract, Architect's contracts and of all executed subcontracts, each containing a provision whereby the parties agree to continue to perform under their contracts if the Bank assumes control from the Borrower;

(f) the Bank shall have received evidence satisfactory to it that public liability (minimum $3,000,000/$5,000,000) and property damage (minimum $3,000,000) coverage are being carried by the Borrower in form, amounts and with companies acceptable to the Bank;

(g) the Bank shall have received policies of fire and extended coverage insurance covering the Improvements in all respects satisfactory to the Bank, naming the Bank as loss payee;

(h) payment shall have been made for all premiums on the bonds and insurance policies referred to herein, for all conveyancing and recording in connection with settlement of the Loan, and for any transfer or documentary stamp taxes due under any Federal, state or municipal law;

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2769g:11/04/85:80

(i) the Bank shall have received and approved a progress stage schedule and cost breakdown in trade form showing, if available, subcontractors and material suppliers;

(j) the Bank shall have received and approved a report setting forth the estimated projected advances of the Loan throughout the construction period;

(k) the Bank shall have received and approved an MAI appraisal of the Premises acceptable to the Bank showing the market value to be not less than Six Million Dollars ($6,000,000.00);

(l) the Bank shall have received and approved a flood insurance policy or a letter from Borrower's insurance agent or civil engineer stating that the Land does not lie in a specially designated flood hazard area;

(m) the Bank shall have received and approved a copy of a current survey and an approved recorded site plan;

(n) the Bank shall have received and approved evidence of availability of all utilities in sufficient quantities necessary to the operation of the Improvements;

(o) the Bank shall have received and approved an opinion of counsel to Borrower as to its form, powers and authority and as to the binding and valid nature of the Note and the Loan Documents;

(p) the Bank shall have received and approved an opinion of counsel to Guarantor as to the binding and valid nature of the Guaranty;

(q) the Bank shall have received and approved evidence that the General Contractor carries workmen's compensation insurance in amounts acceptable to the Bank;

(r) the Bank shall have received and approved current financial statements of the Borrower, Guarantor and

LAW OFFICES OF
MELNICOVE, KAUFMAN, WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2769g:11/04/85:80

General Contractor, and such other persons or entities as the Bank may request, to include balance sheet, profit and loss statement and cash flow projection; such financial statements shall be certified by the party submitting them;

(s) the Bank shall have received and approved a copy of all building permits pertaining to the Premises;

(t) no material adverse change has occurred in the financial condition of any pertinent party as reflected in the financial statements delivered to the Bank pursuant to subparagraph (r) above; and

(u) the Bank shall have received and approved such commitments for reinsurance and direct access as it shall require, from title companies acceptable to the Bank;

(v) the Bank shall have received and approved a copy of Borrower's fully executed limited Partnership Agreement and evidence that it has been properly filed with Maryland State Department of Assessments and Taxation; and

(w) the Bank shall have received the final Plans and the Plans shall have been approved by the Bank and its engineer;

9. Conditions Precedent to Each Advance. With each subsequent request for an advance of the Loan proceeds after the initial advance, the Borrower shall deliver to the Bank a requisition meeting the requirements of Paragraph 4.3 hereof covering the advance requested. The following shall be conditions precedent to each such advance:

(a) there shall be in full force the insurance coverage described in Paragraphs 8(f) and (g) hereof and copies of all such policies or certificates of insurance shall be in the possession of the Bank. Receipt of the aforesaid policies

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

or certificates of insurance shall not bar the Bank from requiring Borrower to obtain such additional insurance as it may reasonably require in accordance with the Loan Documents;

(b) the Bank shall have received and approved, a fully executed copy of the Building Contract, Architect's contracts and of all executed subcontracts;

(c) the Bank shall have received and approved, a copy of all building permits pertaining to the Premises and evidence that the Improvements meet zoning requirements and all sewer and storm drain requirements;

(d) no event of default shall then exist under the terms and provisions of this Agreement, the Note or of any of the Loan Documents;

(e) in the sole opinion of the Bank, there shall be sufficient time to complete the Improvements, prior to the Completion Date;

(f) if requested pursuant to subparagraph 4.3(a) hereof, the Borrower shall furnish receipts for payments and waivers of liens as to the General Contractor and each sub-contractor and material supplier for work performed or materials delivered through the period covered by the previous requisition and prior to the funding of the next requisition;

(g) at the option of the Bank, the title insurance company shall issue an endorsement to the title insurance policy showing that title to the Land is clear of liens (other than the lien of the Deed of Trust and taxes and public charges not delinquent and other title exceptions permitted elsewhere hereunder) to the date of such advance and that no financing statements have been filed affecting the Land, the Improvements or the construction materials other than those in favor of the Bank;

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

(h) all necessary permits and governmental authorizations shall have been issued and be in force, and such surveys as the title insurance company and the Bank may require shall have been supplied; and

(i) the Borrower shall have satisfied its equity requirement.

Default

11.1. Events of Default. It shall constitute an event of default (an "Event of Default") hereunder if:

(a) the Borrower fails duly and promptly to perform, comply with or observe any one or more of the covenants, conditions or agreements made by it in this Agreement and such failure shall continue for fifteen (15) days after notice thereof in writing is given by the Bank;

(b) a default or an event of default shall occur under the Note or the Deed of Trust or any other Loan Document and is not cured within any applicable grace period;

(c) Borrower or any partner of the Borrower encumbers, pledges, sells, transfers or conveys any interest in the Project or the Borrower;

(d) at any time any representation or warranty made by the Borrower herein shall be incorrect in any material respect and if curable, the Borrower shall fail to cure the same within fifteen (15) days after notice is given by the Bank;

(e) the construction of the Improvements is not carried on with reasonable dispatch or at any time is discontinued for a period of fifteen (15) days for reasons other than war, acts of God or the public enemy, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, or unusually severe weather;

LAW OFFICES OF
MELNICOVE, KAUFMAN, WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

(f) the Borrower executes any conditional contract of sale, chattel mortgage or other security agreement covering any materials, fixtures or goods intended to be incorporated in the Improvements or the appurtenances thereto, or covering articles of personal property placed in the Improvements, or permits a financing statement to be filed publishing notice of such security agreement, or if any of such materials, fixtures or articles is not purchased so that the ownership thereof will vest unconditionally in the Borrower free from encumbrances, upon delivery to the Premises, or if the Borrower does not produce to the Bank, upon demand, the contracts, bills of sale, statements, receipted vouchers or agreements, or any of them, under which the Borrower claims title to such materials, fixtures and articles;

(g) the Borrower does not disclose to the Bank and its engineer, upon demand, the names of all persons with whom the Borrower has contracted for the construction of the Improvements or for the furnishing of labor or materials therefor;

(h) the Improvements, in the reasonable judgment of the Bank, are not or cannot be completed on or before the Completion Date;

(i) the Borrower, through its fault or neglect, is unable to satisfy any condition precedent to its right to receive an advance hereunder for a period in excess of thirty (30) days;

(j) a lien for the performance of work or the supply of materials is filed and perfected against the Premises;

(k) a petition in bankruptcy is filed by or against the Borrower, the Guarantor or General Contractor, or

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

if a receiver or trustee of any property of the Borrower, the Guarantor or the General Contractor is appointed and, if appointed without Borrower's, Guarantor's or General Contractor's consent, is not discharged within thirty (30) days, or if the Borrower, the Guarantor or General Contractor make an assignment for the benefit of creditors, or if the Borrower, the Guarantor or the General Contractor are adjudged insolvent by any State or Federal court of competent jurisdiction, or if an attachment or execution is levied against any substantial portion of the property of the Borrower, the Guarantor or the General Contractor and is not discharged within thirty (30) days.

11.2. Options of Bank upon Borrower's Default. Upon the occurrence of any such Event of Default,

(a) the Bank shall not have any obligation to make any further advance of the proceeds of the Loan hereunder (except as provided in the Contractor's Agreement to Complete of even date herewith);

(b) the Bank may declare the indebtedness evidenced by the Note and secured by the Loan Documents immediately due and payable; and

(c) the Bank may pursue any and all remedies provided for hereunder and in the Note, the Deed of Trust and any of the other Loan Documents.

11.3. Remedies of the Bank. Upon the occurrence of an event of default, whether or not the indebtedness evidenced and secured by the Note, the Deed of Trust and the other Loan Documents shall be declared due and payable or the Bank shall have instituted any foreclosure or other action for the enforcement of the Deed of Trust, any of the Loan Documents

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

or the Note, the Bank may, in addition to any other remedies which the Bank may have hereunder and in the Bank's sole and absolute discretion, (a) enter upon the Land and complete the Improvements in accordance with the Plans with such changes therein as the Bank may deem appropriate and employ watchmen to protect the Premises, all at the risk, cost and expense of the Borrower, (b) at any time discontinue any work commenced in respect of the Improvements or change any course of action undertaken by it and not be bound by any limitations or requirements of time whether set forth herein or otherwise, (c) assume any contract made by the Borrower in any way relating to the Premises and take over and use all or any part of the labor, materials, supplies and equipment contracted for by the Borrower, whether or not previously incorporated into the Premises, and (d) in connection with any construction of the Improvements undertaken by the Bank pursuant to the provisions of this Paragraph (i) engage builders, contractors, architects, engineers and others for the purpose of furnishing labor, materials and equipment in connection with any construction of the Improvements, (ii) pay, settle or compromise all bills or claims which may become liens against the Land and/or the Improvements, and (iii) take or refrain from taking such action hereunder as the Bank may from time to time determine. The Borrower shall be liable to the Bank for all sums paid or incurred to construct and equip the Premises whether the same shall be paid or incurred pursuant to the provisions of this Paragraph or otherwise, and all payments made or liabilities incurred by the Bank hereunder of any kind whatsoever shall be paid by the Borrower to the Bank upon demand with interest at a rate of three percent (3%) per annum in excess of the rate

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

provided in the Note from the date of payment by the Bank to the date of payment to the Bank. For the purpose of exercising the rights granted under this Section, the Borrower hereby irrevocably constitutes and appoints the Bank its true and lawful attorney-in-fact to execute, acknowledge and deliver any instruments and to do and perform any acts in the name and on behalf of the Borrower.

12. Miscellaneous

12.1. Notices. All notices, requests and demands upon the respective parties hereto shall be deemed to have been given or made when deposited in the United States mail, postage prepaid, addressed as follows:

To the Bank:

FIRST AMERICAN BANK OF MARYLAND
ATTN: Richard J. Nee, Senior Vice President
210-212 East Lombard Street
Baltimore, Maryland 21202

To the Borrower:

1110 BONIFANT LIMITED PARTNERSHIP
c/o Richard S. Cohen
6000 Executive Boulevard
Suite 600
Rockville, Maryland 20852

or such other address as either party may furnish in writing to the other for such purpose.

12.2. No Waiver; Cumulative Remedies. No failure by the Bank to exercise and no delay in exercising any right, power or privilege under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power or privilege.

12.3. Survival of Agreements. All agreements, representations and warranties of the Borrower made in this Agreement shall survive the making of the advances hereunder.

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2749g:11/04/85:80

12.4. Successors. This Agreement shall be binding upon and inure to the benefit of the Borrower and the Bank, their respective successors, the assigns of the Bank and the permitted assigns of the Borrower.

12.5. Counterparts. This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original.

12.6. Applicable Law. This Agreement is made, executed and delivered in the State of Maryland and Maryland law shall govern its interpretation, performance and enforcement.

12.7. Permitted Assignment by the Bank. The Bank may assign this Agreement, the Note, the Deed of Trust and any other Loan Document to any other person, firm or corporation and all of the provisions hereof shall continue in force and effect. In the event of such assignment, any advances made by assignee shall be deemed made in pursuance and not in modification hereof and shall be evidenced and secured by the Note, the Deed of Trust and the other Loan Documents.

12.8. Paragraph and Subparagraph Headings. The paragraph and subparagraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

12.9. Prompt Performance. In all cases, the Bank's determination as to whether or not the Borrower has acted or is acting promptly and diligently to conform to the terms and conditions of this Agreement shall be binding upon the Borrower.

12.10. Illegality. If any provision or the fulfillment of any provision hereof or of any of the Loan

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

Documents is illegal or involves transcending the limit of that permitted by law, then the provision or the obligation to be fulfilled shall be automatically reduced to the limit of that permitted by law. If despite the operation of the first sentence hereof, such provision or the fulfillment thereof operates or would operate to invalidate this Agreement or any of the Loan Documents in whole or in part, then such provision only shall be void as though not herein or therein contained and the remainder of this Agreement or such other Loan Documents shall remain operative and in full force and effect. If such provision requires the payment of money, then at the option of the Bank, the entire unpaid balance of the Note, with all accrued and unpaid interest thereon and all other unpaid sums under any of the Loan Documents, shall become immediately due and payable.

12.11. Time shall be of the essence hereof.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered as of the day and year first above written.

| WITNESS: | 1110 BONIFANT LIMITED PARTNERSHIP, a Maryland Limited Partnership |
|---|---|
| [signature] | BY: [signature] (SEAL)<br>Richard S. Cohen,<br>General Partner |
| [signature] | BY: [signature] (SEAL)<br>Charles W. Bassing, III<br>General Partner |

2769g

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2769g:11/04/85:80