# GUARANTY

COPY

WHEREAS, 1110 BONIFANT LIMITED PARTNERSHIP, a Maryland limited partnership (hereinafter called the "Debtor") desires to obtain a loan from FIRST AMERICAN BANK OF MARYLAND ("Lender") in the principal amount of Five Million Dollars ($5,000,000.00) as evidenced by a Promissory Note of even date herewith (the "Note"); and

WHEREAS, the Lender requires additional assurances and guarantees by the undersigned (the "Guarantor") as a condition for making the loan to the Debtor.

NOW THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt of which is hereby acknowledged, the undersigned Guarantor hereby unconditionally, irrevocably, directly, jointly and severally guarantees to the Lender the full and punctual payment of any and all liabilities of the Debtor to the Lender under the Note and the full, punctual and complete discharge of any and all obligations of Debtor and any other party under certain other documents executed in connection with the Loan, all of which liabilities shall be deemed to have been incurred on the faith hereof.

The Guarantor agrees that the liability of the Guarantor under this Guaranty shall be irrevocable, primary, direct and immediate and not conditional or contingent upon pursuit by Lender or any subsequent holder of said Note, of any remedies it may have against Debtor, its successors and assigns, with respect to said Note, whether pursuant to the terms thereof or by law. Without limiting the generality of the foregoing, the Guarantor agrees that the Lender shall not be required to make any demand on Debtor and/or the then owner of the premises, or to sell at foreclosure or otherwise pursue or exhaust its remedies against the premises or any part thereof and/or against Debtor or the then owner of the premises, before, simultaneously with or after enforcing its rights and remedies hereunder against the Guarantor. Any one or more successive and/or concurrent actions may be brought hereon against the Guarantor either in the same action, if any, brought against Debtor and/or the then owner of the premises or in separate actions, as often as Lender or any subsequent holder of said Note may deem advisable.

This guaranty shall be a continuing one, and shall include any and all new or increased liabilities, and whether the same shall be incurred after satisfaction, payment or reduction of previous liabilities or not. The proceeds of any sale of collateral may be applied by the Lender to any one or more of the aforesaid liabilities to the Lender in such manner as the Lender may deem fit. Any payments made to the Lender by the Debtor or by any trustee, receiver, assignee, personal representative or any other person for or on behalf of the Debtor or of his estate or any part thereof, may also be applied by the Lender to the liabilities of the Debtor hereunder.

LAW OFFICES OF
MELNICOVE, KAUFMAN, WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2766g:10/28/85:80

GOVERNMENT EXHIBIT 5

The Guarantor hereby waive demand, notice of demand, presentment for payment, protest, notice of dishonor and of protest and of non-payment and agree that at any time and from time to time with or without consideration, the Lender may, without notice to or further consent of the Guarantor and without in any manner releasing, lessening or affecting the obligations of the undersigned hereunder; (a) make future advances from time to time at the request of the Debtor; (b) release, surrender, waive, add, substitute, settle, exchange, compromise, modify, extend, hypothecate, rehypothecate, sell or grant indulgences with respect to, (i) this Guaranty Agreement, (ii) any loans to the Debtor, (iii) all or any part of any collateral or security for loans to the Debtor or this Guaranty Agreement, and (iv) the Guarantor; and (c) grant any extension or other postponements of the time of payment hereof or of any loan to the Debtor.

The Guarantor further agrees that should any litigation ensue to the Lender with respect to the enforcement of this Guaranty Agreement or loans to the Debtor or the holding or sale of any collateral security or any part thereof, the Lender shall be paid such reasonable costs and expenses as it may incur in that behalf, which sum shall also be secured by any collateral security and be payable on demand, in default of payment of which any collateral security may be sold as is hereinbefore provided.

Each right, power and remedy of the Lender under this Guaranty Agreement, under promissory notes or agreements signed by the Debtor or under applicable laws shall be cumulative and concurrent, and the exercise of any one or more of them shall not preclude the simultaneous or later exercise by the Lender of any or all such other rights, powers or remedies. No failure or delay by the Lender to insist upon the strict performance of any one or more of its rights, powers or remedies consequent upon a breach thereof or default hereunder shall constitute a waiver thereof, or preclude the Lender from exercising any such right, power or remedy. By accepting partial payment on this Guaranty Agreement, the Lender shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts due under this Guaranty Agreement or to exercise any rights and remedies available to it in order to collect all such other amounts due and payable under this Guaranty Agreement. No modification, change, waiver or amendment of this Guaranty Agreement shall be deemed to be made by the Lender unless in writing signed by the Lender, and each such waiver, if any, shall apply only with respect to the specific instance involved.

The Guarantor further agrees to indemnify the Lender from and against any and all losses, costs, damages or attorney's fees which it may suffer, incur or be put to by reason or in consequence of the liabilities or obligations of the Debtor to the Lender made on the faith hereof.

The Guarantor agrees that if default be made in the payment of any installment under the Note and if such payment is not made within fifteen (15) days after its due date, whether by maturity or acceleration, the Guarantor authorizes

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060

the clerk or any attorney of any court of record to appear for the Guarantor and enter judgment by confession in favor of First American Bank of Maryland or its assignees for the balance and the Guarantor then due on the Note, together with court costs, interest and attorneys' fees in an amount not to exceed Fifty Thousand Dollars ($50,000.00) and the Guarantor expressly waives summons and other process, and does further consent to the immediate execution of said judgment, expressly waiving the benefit of any and all exemption laws.

This Guaranty Agreement shall bind the heirs, personal representatives, successors and assignees of the undersigned and it shall inure to the Lender, its successors and assignees. This Guaranty Agreement is enforceable notwithstanding any statute of frauds or statute of limitations applicable to the indebtedness of the Debtor or the obligations of the undersigned hereunder. The obligations of the undersigned Guarantor shall be joint and several.

This Guaranty shall be governed by the laws of Maryland.

WITNESS the hand and seal of the undersigned this 18 day of November, 1985.

WITNESS:

[signature] [signature] (SEAL)
Richard S. Cohen

[signature] [signature] (SEAL)
Charles W. Bassing, III

2766g

URW

COPY

LAW OFFICES OF
MELNICOVE, KAUFMAN,
WEINER & SMOUSE, P.A.
36 S. CHARLES STREET
BALTIMORE, MD
21201-3060



2766g:11/04/85:80