# RELEASE AND INDEMNIFICATION AGREEMENT

THIS RELEASE AND INDEMNIFICATION AGREEMENT ("Agreement") made this 1st day of February, 1991 by and among Richard S. Cohen, No. 1 RSC Family Limited Partnership, No. 2 RSC Family Limited Partnership, No. 3 RSC Family Limited Partnership, Joel B. Heffler and Frances B. Heffler (collectively, "the Partners") and Charles W. Bassing, III ("Bassing") and Benchmark Properties, Inc., a Virginia corporation ("Benchmark").

WITNESSETH:

WHEREAS, Bassing is a general partner and a limited partner of 1110 Bonifant Limited Partnership, a Maryland limited partnership (the "Partnership"); and

WHEREAS, Richard S. Cohen ("Cohen") is a general partner and a limited partner of the Partnership, and the other Partners are all limited partners of the Partnership; and

WHEREAS, the Partnership owns and operates an office building having a street address of 1110 Bonifant Street, Silver Spring, Maryland (the "Property"); and

WHEREAS, Benchmark is the property management agent for the Property; and

WHEREAS, the Property is encumbered by deed of trust securing repayment by the Partnership of a loan (the "Loan") from First American Bank of Maryland (the "Bank") in the original principal amount of Five Million Dollars ($5,000,000.00); and

GOVERNMENT EXHIBIT 8

WHEREAS, repayment of the Loan is further secured by a guaranty dated November 18, 1985 from Bassing and Cohen to the Bank (the "Guaranty"); and

WHEREAS, the Loan is in default; and

WHEREAS, Bank has requested that the Partnership, Cohen and Bassing enter into a certain Settlement Agreement and a certain Bonifant Settlement Agreement, pursuant to which the Partnership is to convey fee simple title in the Property to the Bank in exchange for the Bank's agreement that the Loan will be nonrecourse to the Partnership and release of Richard S. Cohen and Bassing from their liability under the Guaranty; and

WHEREAS, Bassing and Cohen believe that execution by the Partnership, Bassing and Cohen of the Settlement Agreement and Bonifant Settlement Agreement to be in their respective mutual best interest, and have agreed to execute the Settlement Agreement and Bonifant Settlement Agreement, both individually and as a general partner of the Partnership, provided

(i) in the case of Bassing, that Bassing (x) be fully released by the Partners from and against all Partnership liabilities, excepting those arising from the fraud or willful misconduct of Bassing and/or Benchmark, (y) be indemnified by Cohen against all Partnership liabilities arising in connection with its ownership or operation of the Property, excepting those arising from the fraud or willful

misconduct of Bassing and/or Benchmark and (z) be indemnified by Cohen against all liability under the Guaranty, and

(ii) in the case of Cohen, (x) that Cohen be released by Bassing of any obligations to provide Bassing with the right to purchase either the Property or partnership interests of Cohen and the other partners pursuant to that certain Limited Partnership Agreement dated April 30, 1985, as amended by First Amendment thereto dated August 23, 1988 (the "Partnership Agreement") and (y) Bassing agrees to those obligations of Bassing set forth more fully in Paragraph 4 herein; and

WHEREAS, Bassing and Cohen wish to set forth their agreement with respect to the allocation of any obligations arising after the date hereof by reason of their association as partners in the Partnership or their status as general partners of the Partnership.

NOW, THEREFORE, in consideration of the premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties intending to be bound hereby agree as follows:

1. Release.

(a) Partners hereby release and discharge Bassing, his heirs and assigns, and Benchmark, its officers, directors, employees, successors and assigns, from any and all claims, debts, demands, accountings, causes of action or liabilities, of any nature whatever, matured or unmatured, contingent or

absolute, known or unknown, whether within the contemplation of the parties or not, arising out of the Partnership, unless caused by or otherwise arising from the fraud or willful misconduct of Bassing and/or Benchmark.

(b) Bassing and Benchmark hereby release and discharge Cohen, his heirs and assigns from any and all claims, debts, demands, accountings, causes of action or liabilities, of any nature whatever, matured or unmatured, contingent or absolute, known or unknown, whether within the contemplation of the parties or not, arising out of the Partnership, unless caused by or otherwise arising from the fraud or willful misconduct of Cohen.

2. Indemnification. Cohen hereby agrees to indemnify, defend and save harmless Bassing, his heirs and assigns, and Benchmark, its officers, directors, employees, successors and assigns, from and against any and all suits, causes of action, judgments, liabilities, losses, damages, expenses of every nature (including without limitation, reasonable attorneys' fees and court costs) and claims of any nature which may arise out of any business activity of the Partnership in connection with its ownership or operation of the Property, including without limitation the Loan from First American Bank of Maryland to the Partnership, in each case unless caused by or otherwise arising from the fraud or willful misconduct of Bassing and/or Benchmark. Cohen further agrees to indemnify, defend and save harmless Bassing, his heirs and assigns, from

and against any and all suits, causes of action, judgments, liabilities, losses, damages, expenses of every nature (including without limitation reasonable attorneys' fees and court costs) which may arise out of the Guaranty by Bassing of the Partnership's obligation to repay said Loan. Should Bassing, his heirs or assigns, and/or Benchmark, its officers, directors, employees, successors or assigns incur any expense of any nature in enforcing this Agreement (including without limitation reasonable attorneys' fees or court costs), and if Bassing and/or Benchmark shall prevail in such action, Cohen agrees to reimburse Bassing and/or Benchmark for all such expenses. Similarly, should Cohen or the other Partners prevail in any action against Bassing or Benchmark arising by reason of the fraud or willful misconduct of Bassing or Benchmark, Bassing shall reimburse Cohen and/or the other Partners all reasonable attorneys' fees and court costs incurred.

Each party hereto shall give the other prompt written notice of any claim, suit, cause of action or proceeding which such party believes will give rise to indemnification from the other party hereto. Cohen shall have the right to defend and direct the defense against any such claim, suit or cause or cause of action in the name of Cohen and/or in the name of Bassing, with counsel selected by Cohen and reasonably acceptable to Bassing. Bassing shall cooperate in the defense of any such claim, cause of action or suit.

3. Waiver of Bassing of Certain Rights. Pursuant to the various provisions of the Agreement of Limited Partnership dated April 30, 1985, as amended by First Amendment thereto dated August 23, 1988, Bassing was entitled to certain rights to purchase either all of the partnership interest of Cohen and the other partners and/or the Property. Bassing hereby irrevocably waives all such rights.

4. Allocation of Future Obligations. Bassing and Cohen hereby agree that in the event that Bassing and/or Cohen shall become subject to any suits, causes of action, judgments, damages and/or claims of any nature arising after the date of this Agreement by reason of their association as partners of the Partnership or their status as general partners of the Partnership, all costs (including reasonable attorneys' fees and court costs) and liabilities arising therefrom shall be allocated to and paid by Bassing and Cohen in the following proportion: Bassing - thirty percent (30%) and Cohen - seventy percent (70%). The provisions set forth in this Paragraph shall be deemed to supersede the provisions set forth in Paragraph 6D of the Partnership Agreement.

5. Survival of Warranties and Representations. The agreements, warranties and representations made by the parties hereto shall be operative at all times and shall survive execution of this Agreement until the expiration of any applicable period of limitation of action thereof.

6. Miscellaneous.

(a) This Agreement sets forth the entire understanding of the parties. It cannot and shall not be terminated or modified orally, but only by a written instrument signed by all parties. All the terms and provisions of this Agreement shall be binding upon, inure to the benefit of and be enforceable by the successors and assigns, heirs and personal representatives of the parties.

(b) This Agreement shall be construed in accordance with and shall be governed by the laws of the State of Maryland.

(c) A waiver by any party hereto of any breach of any covenant, condition or agreement hereof on the part of the parties hereto to be kept and performed shall not be considered to constitute a waiver of any such covenant, condition or provision, or of any prior or subsequent breach thereof.

(d) If any one or more of the material terms of this Agreement shall be held to be invalid or ineffectual, in whole or in part, for any reason, by any court of competent jurisdiction, neither the remaining portion of this Agreement nor any other term or terms contained herein shall be invalidated, impaired or affected thereby, and, in that event, this Agreement shall be construed as if such invalid or ineffectual term or terms, had not been contained herein.

(e) Any headings preceding the text of the articles or paragraphs of this Agreement are inserted solely for the convenience of reference and shall not constitute part of this Agreement, nor shall they affect its meaning, construction or effect.

IN WITNESS WHEREOF, the parties hereto have signed their names below on the day and date first written above.

WITNESS:

PARTNERS:

Richard S. Cohen

No. 1 RSC Family Limited Partnership

By: Richard S. Cohen, General Partner

No. 2 RSC Family Limited Partnership

By: Richard S. Cohen, General Partner

No. 2 RSC Family Limited Partnership

By: Richard S. Cohen, General Partner

Joel B. Heffler

(Signatures Continued on Next Page)

(Signatures Continued From Previous Page)

Frances B. Heffler

BASSING:

Charles W. Bassing, III

ATTEST:

Secretary

BENCHMARK:
Benchmark Properties, Inc.,
a Virginia corporation

By:
Charles W. Bassing, III,
President