**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-712 T**
**(Judge Thomas C. Wheeler)**

---

**CHARLES W. BASSING, III**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

**REPLY TO PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT**

---

## INTRODUCTION

Defendant, the United States, hereby replies to plaintiff's opposition to defendant's motion to dismiss count one of the complaint in the above captioned case. Plaintiff, Mr. Charles W. Bassing, III ("Mr. Bassing"), asserts that the § 7422(h) bar to refund suits attributable to partnership items does not preclude him from re-characterizing proceeds from the deemed sale of partnership interests as cancellation of debt income for his 1991 tax year.[1] Plaintiff's argument can be reduced to an assertion that the character of income that a partner receives from a partnership is not a "partnership item" as defined by § 6231(a)(3), but is rather, an "affected item" as defined by § 6231(a)(5). In reaching this conclusion, plaintiff has misconstrued the meaning of the term "affected item" to avoid the statutory bar to his refund suit that is imposed by

[1] Unless otherwise noted, all references to "§" or "section" are to the Internal Revenue Code of 1986, as amended (26 U.S.C).

§ 7422(h). The character of the income plaintiff received from a partnership is clearly defined by statute and regulation as a partnership item. Therefore, plaintiff's suit is barred by § 7422(h). The Court should grant defendant's motion to dismiss the first count of the complaint.

**THE CHARACTER OF PARTNERSHIP INCOME TO A PARTNER IS A PARTNERSHIP ITEM**

In his opposition to defendant's motion, Mr. Bassing made clear that he was not claiming receipt of cancellation of debt income from the Bonifant Partnership's settlement with the First American Bank of Maryland. Rather, "The sole claim with respect to the realization of debt cancellation income is derived from the release of Mr. Bassing from his deficit restoration obligation by Mr. Cohen and the other partners of the Bonifant Partnership." (Pl. Resp. at 10). Thus, the sole preliminary issue presented by defendant's motion to dismiss count one of the complaint, is whether the character of Mr. Bassing's income from the Bonifant Partnership is a partnership item, subject to the provisions of § 7422(h). Mr. Bassing unnecessarily complicates this preliminary issue with analysis that focuses on the secondary issue in the case, namely the proper tax treatment of the release of Mr. Bassing's deficit restoration obligation.[2] As defendant noted in its motion to dismiss count one of the complaint, the Court does not need to decide this secondary issue, because the preliminary issue dispenses with count one of Mr. Bassing's complaint.

---

[2] In his response, Mr. Bassing included analysis on the excludability of guaranteed payments under § 104(a) and makes an analogy to the excludability of cancellation of debt income under § 108 (Pl. Resp. at 9-10, 13). He also discusses the impact of cancellation of debt income on Mr. Bassing's partnership basis (Pl. Resp. at 14). As Mr. Bassing correctly observes, these issues arise "once a cancellation of debt income is found to occur." (Pl. Resp. at 13). As such, these issues are not related to the preliminary issue of whether the characterization of Mr. Bassing's income from the Bonifant Partnership – as cancellation of debt or otherwise – is in fact a partnership item. In the event that defendant's motion to dismiss count one of the complaint is denied, defendant will address these secondary issues in subsequent proceedings.

Mr. Bassing's release from his deficit restoration obligation to the Bonifant Partnership was a partnership level matter that the partnership was required to take into account for its 1991 tax year in determining the partnership's income or loss. Therefore, it was a partnership item under § 6231(a)(3). Section 7422(h) prohibits any suit for a refund attributable such a partnership item. Therefore, count one of Mr. Bassing's suit is barred, and the complaint should be partially dismissed.

**I. The release of the deficit restoration obligation, and the character of any corresponding income to Mr. Bassing, are partnership items under § 6231(a)(3) and the corresponding Treasury Regulations.**

Defendant demonstrated in its brief supporting its motion to dismiss count one of the complaint that the relevant definition of a "partnership item" includes two elements. (Def. Brief at 7). Partnership items:

1) Are required to be taken into account in a partnership's tax year, and are more appropriately determined at the partnership level. § 6231(a)(3); and
2) Include items of income, gain, *loss*, deduction or credit to the partnership. Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i) (emphasis added).

Treas. Reg. § 301.6231(a)(3)-1(a)(4)(i) further provides that the amount, and "*the character of an amount*," of a capital contribution are partnership items to the extent they are determined at the partnership level (*i.e.* through the maintenance of capital accounts).

Mr. Bassing admits that "the maintenance of capital accounts by the Partnership and the ending capital account balances reported by the Partnership to Mr. Bassing for its 1991 tax year are partnership items." (Pl. Resp. at 11). It is not disputed that the amount of his negative capital account balance was an item required to be taken into account for the Bonifant Partnership's 1991 tax year. However, Mr. Bassing questions whether the

release of his deficit restoration obligation was an item of loss to the Bonifant Partnership. He acknowledges that "[c]onceivably such a release might result in the realization of a loss". (Pl. Resp. at 12). However, he suggests that such loss, and its corresponding deduction, would attach to Mr. Bassing's "co-general partner" (Mr. Cohen), instead of the Bonifant Partnership.[3] (Pl. Resp. at 12).

The loss from the release of Mr. Bassing's deficit restoration obligation arises under § 165(a) and (c)(1), as a loss from a trade or business activity that flows through the partnership and is allocated to the individual partners under § 704(a). Treas. Reg. § 1.165-1(d)(1) provides that:

> [A] loss shall be allowed as a deduction under § 165(a) only for the taxable year in which the loss is sustained. For this purpose, a loss shall be treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year.

On February 1, 1991, the partners of the Bonifant Partnership "closed and completed" the release that relieved Mr. Bassing of his deficit restoration obligation. (Def. Brief Ex. 8 at Gov 74). Thus, it gave rise to a loss to the Bonifant Partnership for the 1991 tax year. Under § 704(a), the loss was required to be passed through the partnership to the individual partners according to the loss allocation rules of the partnership agreement. It may have ultimately attached to Mr. Cohen (as the only other general partner in the

[3] Citing Rev. Rul. 75-505, Mr. Bassing suggests that such a deduction would be a bad debt deduction under § 166. Deductions under § 166, however, can only arise from a bona fide debt created through a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money. Treas. Reg. § 1.166-1(c). Capital contributions are specifically excluded from the definition of debt. *Id*. Thus, the loss to the Bonifant Partnership arises under § 165, and is passed through to the individual partners according to the loss allocation rules of the partnership agreement under § 704(a). However, whether the loss arises under § 165 or § 166 does not affect the preliminary issue.

Bonifant Partnership), but only after it was passed through the Bonifant Partnership – as an item of loss to the partnership – as required by § 704(a).[4] Thus, the release of Mr. Bassing's deficit restoration obligation *was* an item of loss to the Bonifant Partnership, more appropriately determined at the partnership level.

Mr. Bassing admits that his deficit capital account was required to be taken into account by the Bonifant Partnership for its 1991 tax year. Therefore, the release of his obligation to restore his deficit capital account satisfies the first definitional element of a partnership item. His failure to restore his deficit capital account was an item of loss to the Bonifant Partnership under § 165. Therefore, the release satisfies the second definitional element of a partnership item. Furthermore, the amount of Mr. Bassing's required capital contribution, *and the character of that amount*, are specifically identified as partnership items by the relevant Treasury Regulation. Treas. Reg. § 301.6231(a)(3)-1(a)(4)(i). Consequently, the release was a partnership item under § 6231(a)(3). Because it was a partnership item, § 7422(h) prohibits Mr. Bassing from bringing suit to recover a refund attributable to the release of his deficit restoration obligation.

## II. The character of the release of Mr. Bassing's deficit restoration obligation was not an "affected item" or a "substantive affected item".

Mr. Bassing erroneously defines the character of the release of his deficit restoration obligation as an "affected item" under § 6231(a)(5), which provides that an "affected item means any item to the extent such item is affected by a partnership item".

[4] Allocation of the loss that resulted from the release of Mr. Bassing's deficit restoration obligation is one reason that the release should be treated as a deemed sale of Mr. Bassing's partnership interests. If Mr. Bassing is not deemed to have disposed of his partnership interests through the release of his deficit restoration obligation, then the loss generated by the release would be, in part, allocated back to him under §704(a) and the loss allocation rules of the Bonifant Partnership agreement. (*See* Def. Brief Ex. 1 at Gov. 3 (¶ 8)). The Court does not need to address this concern because § 7422(h) bars count one of Mr. Bassing's attempt to re-characterize his 1991 income, and his original return did treat the release as a disposition of his partnership interests through a "deemed sale".

(Pl. Resp. at 8). More specifically, Mr. Bassing classifies his release as a "substantive affected item" which has been defined as items that "depend on non-computational factual determinations that can only be made at the individual partner level once the partnership-level proceeding is complete." (Pl. Resp. at 9, citing *Olson v. United States*, 172 F.3d 1311, 1317-18 (Fed. Cir. 1999)).

Mr. Bassing concedes that the amount of his deficit capital account was a partnership item. (Pl. Resp. at 11). Assuming, *arguendo*, that Mr. Bassing's release from his deficit restoration obligation was the cancellation of debt, it is difficult to reconcile Mr. Bassing's incongruous position that the amount to be released was a partnership item, but the character of the release itself was merely a "substantive affected item". Indeed, the decision to release Mr. Bassing from his deficit restoration obligation *was* a partnership-level matter, executed by all the partners in the Bonifant Partnership.[5] (Pl. Resp. at 13. *See also* Def. Brief. Ex. 8 at Gov. 81). The release, and therefore, the character of any attendant income to Mr. Bassing, was actually *created* by the Bonifant Partnership at the partnership level. It was not merely "affected" by non-computational factual determinations that were made once the partnership-level treatment was finalized.[6]

---

[5] Mr. Bassing asserts that the release created cancellation of debt income because it "speaks for itself" by "release[ing] and discharge[ing]" Mr. Bassing from "all debts . . . or liabilities . . . arising out of the Partnership." (Pl. Resp. at 13). However, the Settlement Agreement between the Bonifant Partnership and the First American Bank of Maryland also "released and discharged" Mr. Bassing from "all debts of any kind" arising under the Bonifant Partnership's loan. (Def. Brief Ex. 6 at Gov 65 (¶ 4(b)). Yet, Mr. Bassing "is in full agreement with Defendant's position that the partnership's reporting of that settlement [was] a sale . . . [and] a partnership item. (Pl. Resp. at 10). Thus, it cannot be assumed that the release was a cancellation of debt, and not a sale, or deemed sale, of Mr. Bassing's partnership interests. Again, the Court does not need to address this issue, because it is a partnership item, and § 7422(h) bars Mr. Bassing's suit to the extent he seeks a refund attributable to this partnership item.

[6] Even if the Court determines that the release was an affected item, affected items have a "partnership prong" which must be resolved at the partnership level, before they can be resolved at the partner-level, and this Court has ruled that § 7422(h) bars claims arising out of the partnership prong of an (continued)

Without conceding that Mr. Bassing received cancellation of debt income, it may be true that a determination of a partner's insolvency and application of § 108 are partner-level items, which would be examined after the partnership-level treatment of the income is finalized. However, the preliminary issue of classifying Mr. Bassing's income as arising through the cancellation of debt, the deemed sale of a partnership interest, or some other means, is first a partnership item determined at the partnership level. Independent of how Mr. Bassing reported – or claims he should have reported – his income from the Bonifant Partnership (which is the secondary issue in this case), the fact remains that the partnership-level treatment is what determined the character of that income. Where that partnership-level treatment resulted in an item required to be taken into account for the partnership's tax year, and established the amount and character of the unfulfilled contribution that contributed to the loss of the partnership, it was a partnership item under § 6231(a)(3) and the corresponding regulations. Refund suits challenging such partnership items are barred by § 7422(h).

## III. Mr. Bassing's proper recourse was through a request for administrative adjustment, the statute of limitations for which has long since expired.

The above analysis begs the question of how Mr. Bassing could have re-characterized his income from the Bonifant Partnership, if he had erred in reporting the initial characterization of his 1991 income from the partnership on his personal income tax return. Mr. Bassing answered this question in his response, through his analysis of requests for administrative adjustments under § 6227. (Pl. Resp. at 5-7). As Mr. Bassing

(continued from prior page) affected item. *Keener v. United States*, 76 Fed. Cl. 455, 462 (2007). The character of Mr. Bassing's 1991 income from the Bonifant Partnership must have *at least* been determined by the "partnership prong" of what he claims is an affected item. The Bonifant Partnership would have had to cancel his debt, before he could conclude that he received cancellation of debt income.

noted, a partner may file a request for an administrative adjustment of partnership items within three years from the later of the date on which the partnership's return for the partnership's tax year was filed, or the unextended due date for filing the partnership return for such year. § 6227(a). The Bonifant Partnership's tax return was dated, and presumably filed, on April 2, 1992. (Def. Brief Ex. 12 at Gov. 142). The unextended due date for the Bonifant Partnership's tax return was April 15, 1992. § 6072(a). Thus, using either date, Mr. Bassing's right to request an administrative adjustment of his 1991 income from the Bonifant Partnership expired in April 1995. He concedes that he never filed an administrative request for the 1991 tax year, and that "the period for filing such request has obviously long expired."[7] (Pl. Resp. at 6). One consequence of a decade long failure to pay his 1991 taxes, is the running of time on the applicable statutes of limitations for remedies to correct errors on his return that would otherwise have been available to Mr. Bassing if he had timely complied with the tax laws.

Mr. Bassing also claims that the re-characterization he seeks "pertains solely him" and has "no effect on any partnership item determined by the Bonifant Partnership or reported by the Partnership to any of its partners" (Pl. Resp. at 17), because he was the only partner relieved of a deficit restoration obligation. But consider a scenario in which multiple partners had been relieved of a deficit restoration obligation through an actual or deemed sale of their partnership interests. It is not difficult to foresee the problems that would arise from a single partner seeking to re-characterize his partnership income a

[7] Mr. Bassing also provides analysis on alternate procedures under §§ 6228 and 6230(c) that he considered in filing his claim. Defendant agrees that neither statute would allow his refund claim. Mr. Bassing asserts that § 6230(d) is "potentially applicable", but proceeds to demonstrate that he has not satisfied the conditions required by the statute to avoid its prohibition on refunds. (Pl. Resp. at 6-7). Mr. Bassing concludes that he is allowed to file suit because the character of his 1991 income from the Bonifant Partnership is not a partnership item, and thus, § 7422(h) and other limitations on adjustments to partnership items do not apply. (Pl. Resp. at 7).

decade later. If granted, the single partner would receive different tax treatment than the other partners, which TEFRA was designed to prevent. The only way to achieve consistency in the partners' tax treatment would be to treat the re-characterization as a partnership item – determined at the partnership level – and allocate it to the relevant partners according to the terms of the partnership agreement.

The potential for complex coordinated adjustments involving multiple partners is why TEFRA established the statute of limitations in § 6227. It would be impractical to allow indefinite revisions of partnership items that may impact many partners' tax returns. That Mr. Bassing claims to be the only partner impacted by the re-characterization he seeks, should not tempt the Court to endorse a rule that a single partner can sidestep the statute of limitations for adjusting partnership items, because it is of no great inconvenience to anyone else. The character of the 1991 income Mr. Bassing received from the release of his deficit restoration obligation was a partnership item, and the statute of limitations for requesting an administrative adjustment of this partnership item has long since expired.

Defendant has demonstrated that the character of Mr. Bassing's 1991 income fully satisfies the relevant definition of a partnership item under § 6231(a)(3) because the release of Mr. Bassing's deficit restoration obligation was required to be taken into account by the Bonifant Partnership for its 1991 tax year because it was an item of loss to the partnership under § 165. Furthermore, the amount and character of any income originating from Mr. Bassing's required capital contributions are specifically identified as partnership items by Treas. Reg. § 301.6231(a)(3)-1(a)(4)(i). Defendant has also demonstrated that the character of Mr. Bassing's 1991 income is not an "affected item"

or a "substantive affected item" because it was fully created and determined by the Bonifant Partnership at the partnership level. The statute of limitations has expired for requesting administrative adjustments to partnership items related to the Bonifant Partnership's 1991 tax year, and suits for refunds attributable to partnership items are barred by § 7422(h). Accordingly, plaintiff cannot maintain count one of his refund suit.

WHEREFORE, defendant respectfully requests that its motion to dismiss count one of the complaint under RCFC 12(b)(6) be granted.

Respectfully submitted,

January 3, 2008

s/ Jeffrey R. Malo

JEFFREY R. MALO
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 305-7539
Fax: (202) 514-9440
Email: jeffrey.r.malo@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer, Court of Federal Claims Section

January 3, 2008

s/ G. Robson Stewart
Of Counsel

Counsel for Defendant