# In the United States Court of Federal Claims

No. 06-712T

(Filed: March 18, 2008)

| | |
|---|---|
| ********************************** * | |
| * | |
| CHARLES W. BASSING, III,    * | Partnership Tax Case; Release of |
| * | Partner's Deficiency Obligation; |
| * | "Partnership Item" or "Affected |
| Plaintiff,    * | Item;" Court Review Barred by |
| * | I.R.C. § 7422(h). |
| v.    * | |
| * | |
| THE UNITED STATES,    * | |
| * | |
| Defendant.    * | |
| * | |
| ********************************** * | |

*Partick G. Dooher*, Buchanan, Ingersoll & Rooney, P.C., Washington, DC, for Plaintiff.

*Jeffrey R. Malo*, with whom were *Richard T. Morrison*, Acting Assistant Attorney General, *David Gustafson*, Section Chief, and *G. Robson Stewart*, Reviewer, Court of Federal Claims Section, United States Department of Justice, Tax Division, Washington, DC, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

      This tax case is before the Court on Defendant's motion to dismiss count one of the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Plaintiff, Charles W. Bassing, III, filed this action to recover $152,539.03 in alleged overpayments of federal income tax and penalties. Count one concerns an overpayment of $68,696 in federal income tax for the 1991 tax year. Defendant contends that Mr. Bassing cannot recover on count one because his overpayment stems from income due to the sale of his partnership interest, and Internal Revenue Code ("I.R.C.") § 7422(h) bars refund suits attributable to partnership items. The issue before the Court is whether a partner's release from his deficiency restoration obligation to the partnership is a "partnership item" or an "affected item" as those terms are defined in I.R.C. § 6231. For the reasons explained below, the Court holds that the release is a partnership item and, therefore, the

income gained from the release is "attributable to [a] partnership item[]." I.R.C. § 7422(h). Accordingly, count one of Mr. Bassing's complaint is barred by statute.

Factual Background[1]

Mr. Bassing was a founding partner in the 1110 Bonifant Limited Partnership ("Partnership"), which was organized under Maryland law on April 30, 1985. The Partnership was established for the purpose of acquiring and owning real property located at 1110 Bonifant Street, Silver Spring, Maryland, and for the development and construction of an office building at that location to be held as investment property. The Partnership agreement named Mr. Bassing and Richard S. Cohen as general partners in the Partnership. Mr. Bassing and Mr. Cohen also were identified as limited partners in the Partnership, along with several other individuals and entities, including three family limited partnerships ("FLP's").

On November 18, 1985, the Partnership obtained a $5 million building loan from the First American Bank of Maryland ("First American") to fund construction of the office building. The terms of the loan required full repayment of principal and interest on the loan's maturity date, November 17, 1990. The loan agreement also required that Mr. Bassing and Mr. Cohen guaranty the loan.

The Partnership agreement was amended on April 1, 1988, with retroactive effect to December 31, 1987, to comply with the then finalized Treasury Regulation § 1.704-1(b). The amendment required that in the event of the Partnership's liquidation, any partner with a negative capital account was obligated to restore the deficiency to the partnership.

In the late 1980s, the commercial real estate market collapsed and the Partnership struggled to secure tenants for its building. When the First American loan matured, the Partnership and its members were unable to satisfy their obligations. On February 1, 1991, in lieu of foreclosure on the loan, First American entered into a settlement agreement with the Partnership, Mr. Bassing, and Mr. Cohen. Under the terms of the agreement, First American accepted title to the Partnership's property and a lump sum payment from Mr. Cohen in satisfaction of the Partnership's loan obligations. The settlement agreement liquidated the Partnership.

The liquidation left Mr. Bassing with a negative capital account balance of $882,871 that he was obligated to restore under the terms of the April 1, 1988 amendment to the Partnership agreement. Mr. Bassing, however, was insolvent at this time. Consequently, Mr.

---

[1] The parties agreed upon the facts set forth in this opinion.

Cohen and the remaining partners, as well as First American entered into an agreement on February 1, 1991 releasing Mr. Bassing from his obligations to the Partnership ("1991 Agreement"). Section 1(a) of the 1991 Agreement states that the "Partners hereby release and discharge Bassing, his heirs and assigns . . . from any and all claims, debts, demands, accountings, causes of action or liabilities, of any nature whatever . . . arising out of the Partnership . . . ." Deft.'s Motion, Exh. 8 at 0039-40.

Mr. Bassing filed his 1991 income tax return on April 15, 1992, and treated his release from his deficit restoration obligation as a deemed sale of his interests in the Partnership. He reported capital gain from the deemed sale, but did not pay the corresponding tax of $68,696. As a result, Mr. Bassing was assessed tax, interest, and failure to pay penalties under I.R.C. § 6651(a)(2). On April 8, 2002, Mr. Bassing paid $152,539.03 in full satisfaction of the liability, interest, and penalties.

On July 3, 2002, Mr. Bassing filed an amended return claiming that the underlying obligation was not income from the deemed sale of a partnership interest, but rather, income from the cancellation of debt that should have been excluded from his 1991 income. The Internal Revenue Service denied his claim on October 14, 2004, and Mr. Bassing filed suit in this Court on October 13, 2006. In count one of his complaint, Mr. Bassing alleged that he overpaid his federal income tax for the 1991 tax year by $68,696. Defendant filed its motion to dismiss count one of the complaint on November 15, 2007. Defendant asserts that count one fails to state a claim upon which relief can be granted because I.R.C. § 7422(h) bars refund actions attributable to partnership items.

<u>Standard For Decision</u>

Under Rule 12(b), when matters outside the pleadings are presented to and not excluded by the Court, the Defendant's motion shall be treated as a motion for summary judgment under Rule 56, and the parties shall be given reasonable opportunity to present materials pertinent to the motion. In the present case, Defendant filed its motion under Rule 12(b)(6) and both parties submitted exhibits in support of their pleadings. The Court accepted the submitted documents and found the February 1, 1991 Release and Indemnification Agreement, marked as Exhibit 8 to Defendant's Partial Motion to Dismiss, to be relevant to the present motion. The parties have had ample opportunity to present the pertinent materials and the Court finds that the record is sufficient to consider Defendant's motion as one for partial summary judgment.

Summary judgment is appropriate under Rule 56(c) if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." <u>See also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-49 (1986); <u>Atwood-Leisman</u>

v. United States, 72 Fed. Cl. 142, 147 (2006). The burden of establishing that no genuine issue of material fact exists rests with the moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). An issue is "genuine" only if it "may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250. A fact is "material" if it "might affect the outcome of the suit under the governing law." Id. at 248. In considering the existence of a genuine issue of material fact, a court must draw all inferences in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If the non-moving party produces sufficient evidence to raise a genuine issue of fact material to the outcome of the case, the motion for summary judgment should be denied. Liberty Lobby, 477 U.S. at 248; see also Eli Lilly and Co. v. Barr Labs., Inc., 251 F.3d 955, 971 (Fed. Cir. 2001).

In the present case, the parties agree that the material facts are not in dispute. See Pltf.'s Response at 2 (accepting that Defendant's statement of facts "will suffice for purposes of demonstrating the correctness of Plaintiff's position"). The disagreement here is whether the 1991 release of Mr. Bassing's deficit restoration obligation was a "partnership item" or an "affected item" as those terms are defined in § 6231(a). If the 1991 release was a partnership item, then count one of the complaint is barred by statute. As the Court is faced with a purely legal matter, the case is ripe for resolution by summary judgment.

## Discussion

Until 1982, administrative and judicial proceedings related to partnership items were conducted at the level of the individual partner. This "proved inefficient and often led to inconsistent results." Monti v. United States, 223 F.3d 76, 78 (2nd Cir. 2000). With the passage of the Tax Equity and Fiscal Responsibility Act ("TEFRA"), Pub. L. No. 97-248, 96 Stat. 324 (1982), Congress "created a single unified procedure for determining the tax treatment of all partnership items at the partnership level, rather than separately at the partner level." Keener v. United States, 76 Fed. Cl. 455, 457 (2007) (quoting In re Crowell, 305 F.3d 474, 478 (6th Cir. 2002)); see also Olson v. United States, 37 Fed. Cl. 727, 731 (1997) (noting that TEFRA created one proceeding to determine how partnership items would be reported on all of the partners' individual returns), aff'd, 172 F.3d 1311 (Fed. Cir. 1999).

As noted above, the Partnership in this case was comprised of Mr. Bassing, both as a general partner and a limited partner, and several other individuals and entities, including three FLP's. The presence of the FLP's as limited partners qualified the Partnership as a TEFRA partnership, subject to I.R.C. §§ 6221-6234. Under TEFRA, items are delineated into three categories: partnership items, nonpartnership items, and affected items. I.R.C. § 6231(a)(3-5). A partnership item is:

4

> "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level."

§ 6231(a)(3). In contrast, "nonpartnership items are resolved at the individual-partner level." McGann v. United States, 76 Fed. Cl. 745, 750 (2007) (citing Crnkovich v. United States, 202 F.3d 1325, 1328-29 (Fed. Cir. 2000)). Items that "are more appropriately determined at the partnership level than at the partner level and, therefore, are partnership items" include each partner's share of "[i]tems of income, gain, loss, deduction, or credit of the partnership" and partnership liabilities. Treas. Reg. § 301.6231(a)(3)-1(a)(1). Each "partner shall, on the partner's return, treat a partnership item in a manner which is consistent with the treatment of such partnership item on the partnership return." I.R.C. § 6222(a).

Mr. Bassing seeks to escape § 7422(h) by arguing that the release granted by the 1991 Agreement was an "affected item." An "affected item" is "any item to the extent such item is affected by a partnership item." I.R.C. § 6231(a)(5); see also McGann v. United States, 76 Fed. Cl. 745, 750 (2007) (describing affected items as "hybrids that depend upon a partnership-level determination but also have a nonpartnership aspect.") (citations omitted). Affected items include, for example, "penalties assessed against a partner based on the partner's tax treatment of partnership items on his individual return." Keener v. United States, 76 Fed. Cl. 455, 458 (2007) (citing Olson v. United States, 172 F.3d 1311, 1316-17 (Fed. Cir. 1999)); see also Bush v. United States, 78 Fed. Cl. 76, 81 (2007) (explaining that "the amount of a medical expense deduction is an affected item because it depends on the partner's share of partnership income, which in turn depends on the partner's share of partnership income or loss.").

Applying the plain language of § 6231(a)(3) and the corresponding regulations, the Court finds that the 1991 agreement releasing Mr. Bassing from his deficiency restoration obligation was a partnership item. The 1991 Agreement was signed by eight partners, demonstrating that it contained decisions "more appropriately determined at the partnership level than at the partner level." § 6231(a)(3). It was a comprehensive document that defined the partners' obligations to each other after the First American settlement agreement and liquidation of the Partnership. For example, it contained provisions releasing Mr. Bassing "from and against all Partnership liabilities," obligating Mr. Cohen to indemnify Mr. Bassing from all causes of action arising from the Partnership's ownership of the property, and allocating future costs among the general partners. Deft.'s Motion, Exh. 8 at 0038-42. The release of Mr. Bassing's obligations to the Partnership included his obligation to restore his $882,871 negative capital account balance to the Partnership. The release of an $882,871

5

debt qualifies as an "item of income, gain, loss, deduction, or credit of the partnership." Treas. Reg. § 301.6231(a)(3)-1(a)(1). The Court would find it difficult to imagine an item more appropriate for treatment at the partnership level than the release of one of the partner's financial obligations to the partnership. Mr. Bassing's refund claim in count one is, therefore, "attributable to partnership items (as defined in section 6231(a)(3))" and barred under I.R.C. § 7422(h).[2]

<u>Conclusion</u>

For the reasons explained above, Defendant's motion for partial summary judgment is GRANTED. The Clerk is directed to dismiss count one of Plaintiff's complaint with prejudice. The parties are requested to submit a joint status report to the Court within twenty days, on or before April 7, 2008, indicating how they wish to proceed as to the remaining issues in this case.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge

---

[2] Section 7422(h) allows an exception to this rule as provided in section 6228(b) and section 6230(c). Neither party, however, argues that one of the exceptions applies in the present case.

6