# In the United States Court of Federal Claims

No. 06-712T

(Filed: June 9, 2008)

```
*********************************** *
                                    *
CHARLES W. BASSING, III,            *
                                    *
                  Plaintiff,        *
                                    *
 v.                                 *
                                    *
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
*********************************** *
```

ORDER FOR ENTRY OF JUDGMENT

On March 18, 2008, the Court issued an opinion and order dismissing Count One of Plaintiff's complaint with prejudice. Subsequently, the parties engaged in discussions to resolve the remainder of Plaintiff's claim. On June 6, 2008, the parties filed a joint status report and two joint stipulations to partially dismiss Count Two of the complaint. In the first joint stipulation, Document No. 20, the parties agreed to dismiss, with prejudice, paragraph 30 under Count Two of the complaint. Plaintiff agreed to waive "any and all reasonable cause defense to his failure to timely pay his 1991 income tax liability when the obligation came due." In the second stipulation, Document No. 21, the parties agreed to dismiss the remainder of Count Two, paragraphs 28, 29, and 31, without prejudice. Plaintiff reserved the right to appeal the Court's March 18, 2008 decision, and reserves the right to reinstate paragraphs 28, 29, and 31 under Count Two if it is determined on appeal that Plaintiff is not liable for the underlying tax at issue in Count One.

The Clerk of the Court is directed to enter judgment for Defendant in accordance with the terms set forth in the parties' June 6, 2008 joint stipulations. The judgment will result in the dismissal with prejudice of Count Two, paragraph 30 of Plaintiff's complaint, and the

dismissal without prejudice of Count Two, paragraphs 28, 29, and 31 of Plaintiff's complaint. No costs to either party.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge